■ In the Matter of RUTH GRIFFIN, Appellant, v GARY JANIK, Respondent.—Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Niagara County Family Court for further proceedings in accordance with the following Memorandum: The parties are parents of a son, Kevin, born on April 7, 1977. They never married and respondent has been paying the sum of $15 per week for support under an order stipulated to between respondent and the Niagara County Department of Social Services. Respondent married and he and his wife have two daughters.

Petitioner commenced this proceeding in Niagara County Family Court, seeking an upward modification of support on the ground that respondent's income had increased. She further sought contributions from respondent toward child care and special educational expenses. Following a hearing, the Hearing Examiner determined that respondent should pay child support in the amount of $54 per week. The Hearing Examiner, applying the Child Support Standards Act, multiplied respondent's income by the statutory percentage applicable to three children, then divided that amount by three to determine respondent's obligation for support of his son. Family Court confirmed the Hearing Examiner's award. That was

error. The basic child support obligation must be determined on a per household basis "with the controlling percentage for each such home determined according to how many children are living with the same custodial parent" *(Matter of Commissioner of Social Servs. of City of N. Y. v Raymond S.,* 180 AD2d 510, 513). A strict application of the basic child support formula may be avoided only if the court determines that such an application would be "unjust or inappropriate" based upon a consideration of 10 factors set forth in Family Court Act § 413 (1) (f) (Family Ct Act § 413 [1] [g]). One of the factors a court may consider is the needs of other children for whom the non-custodial parent is providing support (Family Ct Act § 413 [1] [f] [8]). Therefore, we remit the matter to Family Court to reconsider petitioner's child support application in light of our conclusions herein. Family Court should, at that time, also address petitioner's request for contribution from respondent for special educational services for Kevin. The Hearing Examiner's order was inexplicably silent on that issue. We find no error in the Hearing Examiner's denial of petitioner's request for contribution toward the expenses of summer camp. Petitioner failed to prove that summer camp was an appropriate form of child care, rather than an elective luxury. (Appeal from Order of Niagara County Family Court, Kellick, Jr., J.—Support.) Present—Denman, P. J., Pine, Balio, Fallon and Doerr, JJ.