*530 OPINION OF THE COURT
Ann Marie Taddeo, J.
Respondent has filed written objections to the order of the Hearing Examiner dated March 21, 1994. In the order, petitioner, respondent’s ex-wife, was granted an upward modification of respondent’s child support obligation for their son Andrew, based on an increase in respondent’s income.
PROCEDURAL BACKGROUND
By order of the Honorable Charles L. Willis, dated November 29, 1983, the judgment of divorce between the parties to this action was modified, increasing respondent’s child support obligation for Andrew from $35 to $45 per week.
On June 16, 1992, respondent filed a petition seeking to reduce his child support obligation to $0 because Andrew was then residing at St. Joseph’s Villa. By order of Hearing Examiner Lockwood dated September 24, 1992, it was determined that neither party would owe the other child support for the support of Andrew for so long as he resided at St. Joseph’s Villa and that the $45 per week obligation would resume in the event Andrew returned to his mother’s residence.
On July 17, 1992, one month after respondent filed his petition for downward modification regarding Andrew, respondent’s current wife petitioned for an order of support for their three children (docket No. F1417-92). By order of Hearing Examiner Maas dated October 5, 1992, respondent was directed to pay $390 per week for the support of the three children of his current marriage. This order was entered by stipulation with neither party being represented by counsel.
The instant petition was filed on November 8, 1993, and the hearing conducted on March 14, 1994. By order of Hearing Examiner Lockwood dated March 21, 1994, respondent’s child support obligation for Andrew was increased from $45 to $115 per week.
DISCUSSION
In making his determination in the instant case, the Hearing Examiner granted respondent a variance from the Child Support Standards Act (CSSA) formula, under Family Court Act § 413.1 (f), based on respondent’s current household expenses. The Hearing Examiner applied this provision following *531 his conclusion that no deduction from respondent’s CSSA income could be made under Family Court Act § 413 (1) (b) (5) (vii) (D) for the child support order obtained by respondent’s current wife, because respondent was residing with her and their children and no payments were being made. It is this conclusion which forms the basis for respondent’s objection.
The provision at issue, Family Court Act § 413 (1) (b) (5) (vii) (D), states that "child support actually paid pursuant to court order or written agreement on behalf of any child for whom the parent has a legal duty of support who is not subject to the instant action” shall be deducted from income prior to determining the parent’s child support obligation under the CSSA formula. Respondent contends that this provision requires that $390 per week (the amount of the child support order obtained by his current wife) be deducted from his income in determining the child support he owes to his ex-wife. The facts of this case dictate otherwise.
According to his net worth statement and testimony, respondent is the primary source of support for his current wife and their three children. Respondent was residing with them, with no plans to separate, and was providing that support at the time he and his current wife stipulated to a child support order against him. Respondent has continued to reside with and support them since that time. Thus, notwithstanding the fact that respondent may be paying the amount of a support order to his wife each week, he is actually providing support as a custodial parent in the normal course of his current marital relationship.
Ordinarily, a statute is to be interpreted according to the plain meaning of its terms. However, in construing a statute, the literal meaning of the words are not to be adhered to where doing so would defeat the intention of the Legislature. (People v Ryan, 274 NY 149 [1937].) In determining legislative intent, a statute should be read as a whole, and each section construed in connection with the others. (People v Mobil Oil Corp., 48 NY2d 192 [1979].)
A review of the statutory framework reveals that the Legislature did not intend to allow a deduction from CSSA income for the ordinary support of the children in a respondent’s current household. Instead, separate provisions of the CSSA require the court to consider the expenses of maintaining a "second family” in determining whether application of the CSSA formula would be unjust or inappropriate. (Matter of *532 Steuben County Dept. of Social Servs. [Padgett] v James, 171 AD2d 1023 [4th Dept 1991].) These expenses include support obligations to children of a subsequent marriage (Family Ct Act § 413 [1] [¶] [8]), and other relevant factors including a respondent’s debts and expenses in the maintenance of his current household (Family Ct Act § 413 [1] [¶] [10]). (Matter of Steuben County Dept. of Social Servs. [Padgett] v James, supra.) To ignore these provisions, and allow respondent a deduction from CSSA income because a portion of the support he provides for the children of his current household now takes the form of a weekly check from respondent to his current wife, would be to honor form over substance and would circumvent the intent of the Legislature.
Thus, this court finds that the Hearing Examiner applied the correct provisions of the CSSA in determining respondent’s child support obligation for Andrew. By reason of the foregoing, respondent’s objections are denied.