■ In the Matter of BARBARA DEVOE, Respondent, v PHILLIP R. ERCK, Appellant. [641 NYS2d 961] —Order unanimously reversed on the law without costs, objections sustained, orders of Hearing Examiner vacated, respondent's petitions granted and matter remitted to Niagara County Family Court for further proceedings in accordance with the following Memorandum: Pursuant to a divorce decree dated January 3, 1990, respondent father paid child support to petitioner mother for the parties' three daughters in the amount of $50 per week per child. On January 28, 1994, respondent petitioned Niagara County Family Court for custody of his oldest daughter, Rachel; at that time, he did not seek modification of the support provision in the divorce decree. On February 15, 1994, the court entered a temporary order granting respondent custody of Rachel. On April 4, 1994, the parties stipulated to make that custodial arrangement permanent. On that same day, respondent filed two petitions with regard to support: the first petition sought support from petitioner for Rachel and the second petition sought modification of the support provision in the divorce decree based upon the change in custody. Petitioner also filed a petition seeking an increase in child support based upon respondent's increased earnings since the divorce decree. Petitioner also asked the court to apply the Child Support Standards Act (CSSA) in determining support.

Upon appearing before the Hearing Examiner, the parties agreed that the children had no unusual or special needs. They further agreed to submit the matter for the Hearing Examiner's consideration based upon their financial affidavits, their stipulated wages for 1993, and their memoranda of law. Respondent's income in 1993 was $32,869 and petitioner's income for 1993 was $35,848.31.

In his findings of fact, the Hearing Examiner determined that it would be inappropriate to apply the CSSA in this split custody arrangement. The Hearing Examiner also determined that application of the CSSA would reduce the standard of living that the two children who continued to reside with petitioner had enjoyed prior to the modification proceedings,

and would further impair the ability of petitioner to provide for her children because she could not claim the children as tax deductions. Despite his stated refusal to apply the CSSA, the Hearing Examiner nevertheless did apply it in part, by multiplying the combined parental income of the parties by the statutory percentage applicable to three children (29%) and then dividing that amount by three to determine a per child support obligation. The Hearing Examiner then subtracted the support obligation for Rachel from the support obligation for her two sisters and directed respondent to pay petitioner the difference, $117.84 per week, retroactive to the date on which the support petitions were filed. The Hearing Examiner never prorated the support obligations between the parties in proportion to their respective incomes (*see*, Family Ct Act § 413 [1] [c] [2]), and he dismissed respondent's petitions. Respondent's objections to the Hearing Examiner's orders and findings of fact were denied by Family Court.

On appeal, petitioner contends that the Hearing Examiner properly refused to apply the CSSA in this split custody case. We agree with the Third Department that, although application of the CSSA to a split custody case may be "unwieldy", it is nevertheless possible (*Kerr v Bell*, 178 AD2d 1, 3; *see also, Risely v Risely*, 208 AD2d 132, 135; *Buck v Buck*, 195 AD2d 818; *cf., Roy v Roy*, 188 AD2d 274). The Hearing Examiner's reasons for deviating from the CSSA (*see*, Family Ct Act § 413 [1] [f]) have no basis in the record. There was no proof concerning the prior standard of living of the two children who remained with petitioner. In addition, the record reflects that, contrary to the Hearing Examiner's conclusion, petitioner does claim one of the two children in her custody as a tax exemption on a yearly basis, and she claims the other as a tax exemption in alternating years.

The Hearing Examiner's calculation of respondent's support obligation is erroneous for two reasons. First, the Hearing Examiner failed to determine the basic child support obligation "on a per household basis 'with the controlling percentage for each such home determined according to how many children are living with the same custodial parent' " (*Matter of Griffin v Janik*, 185 AD2d 635, 636, quoting *Matter of Commissioner of Social Servs. [Patricia H.] v Raymond S.*, 180 AD2d 510, 513). Second, the Hearing Examiner failed to prorate the basic child support obligation in proportion to each parent's income. The proper application of the CSSA to this case produces a support obligation of the father of $158.57 per week and a support obligation of the mother of $116.82 per week for

a net child support obligation from respondent to petitioner of $41.75 per week. Contrary to the contentions of respondent, the effective date of this order is the date that respondent filed his petitions seeking a modification of his support obligation (*see*, Family Ct Act § 449). We have considered respondent's remaining contentions and conclude that they are without merit.

We therefore reverse the order of Family Court, sustain respondent's objections, vacate the orders of the Hearing Examiner, grant respondent's petitions and remit the matter to Niagara County Family Court to enter a net order of support on behalf of petitioner in the amount of $41.75 per week, retroactive to April 4, 1994, and to grant any other appropriate relief. (Appeal from Order of Niagara County Family Court, Crapsi, J.—Child Support.) Present—Pine, J. P., Wesley, Balio, Davis and Boehm, JJ.