■ In the Matter of MARY V. B., Respondent, v JAMES X. S., Appellant. [641 NYS2d 711] —In a proceeding pursuant to Family Court Act article 5, the father appeals from an order of the Family Court, Nassau County (Decker, J.), dated January 23, 1995, which denied his objections to an order of the same court (Dwyer, H.E.), dated August 26, 1994, *inter alia,* awarding the petitioner child support of $675 semimonthly.

Ordered that the order is modified, on the facts, by deleting the provisions thereof which denied the father's objections to so much of the order dated August 26, 1994, as awarded the petitioner child support of $675 semimonthly and substituting therefor a provision granting the objections to the extent of awarding child support of $576 semimonthly plus child care of $47 semimonthly for a total of $623 semimonthly; as so modified, the order is affirmed, without costs or disbursements.

James X. S. (hereinafter the appellant) has been married to his current wife since 1968, and they have two children. They separated in 1992 upon his wife's discovery of his relationship with the petitioner Mary V. B. by whom he has two children. In July 1992 the appellant agreed to provide support to his wife and their children in amounts which essentially divested him of all of his income, and their agreement was incorporated into an order issued by the Family Court on July 13, 1992. In January 1993 the appellant returned to the marital home, and in November 1993 Mary V. B. commenced this proceeding seeking, *inter alia,* child support. The appellant contends that the Hearing Examiner erred in failing to deduct the amounts he paid to his wife pursuant to the 1992 support order in calculating his income for purposes of the Child Support Standards Act (hereinafter CSSA) (*see,* Family Ct Act § 413).

Family Court Act § 413 (1) (b) (5) (vii) (B) and (D) provide that the amounts actually paid by a parent pursuant to a court order or written agreement for the support of a spouse or child who are not the subjects of the instant proceeding shall be deducted from that parent's income for child support purposes. We conclude that the Legislature did not intend these sections to apply to the ordinary support of a spouse or children in the parent's current household where, as here, the parent and his spouse have no plans to separate and continue to function as one economic unit (*see, e.g., Matter of Fantanzo v Decker*, 161 Misc 2d 529). The Hearing Examiner properly considered the appellant's expenses of maintaining his current household under the provisions of Family Court Act § 413 (1) (f) (*see, e.g., Matter of Susan M. v Louis N.*, 206 AD2d 612; *Buck v Buck*, 195 AD2d 818; *Matter of Griffin v Janik*, 185 AD2d 635).

The Hearing Examiner concluded that it would be unjust to base the appellant's child support obligation on the parties' combined income in excess of $80,000 because the appellant had other dependents to support (*see*, Family Ct Act § 413 [1] [c] [3]; [f]). However, the Hearing Examiner mistakenly included the income in excess of $80,000 in calculating the appellant's semimonthly child support obligation. We have therefore modified the order accordingly.

We have examined the appellant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, O'Brien and McGinity, JJ., concur.