■ In the Matter of PATRICIA (McWEENEY) BARRY, Respondent, v PATRICK McWEENEY, Appellant. [675 NYS2d 287] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Rockland County (Warren, J.), entered July 17, 1997, which denied his objections to orders of a Hearing Examiner dated October 8, 1996, and December 10, 1996, which, *inter alia*, awarded the petitioner child support arrears in the sum of $16,973.24.

Ordered that the order is affirmed, with costs.

Contrary to the father's contention, Family Court Act § 413 (the Child Support Standards Act) is applicable in a proceeding to modify a child support order based on the provisions of a separation agreement which predates that statute's enactment (*see,* Family Ct Act § 413 [1] [*l*]; [3] [a]). Neither the child, who is not a party to the agreement, nor the court, which may adjust support provisions in the best interests of the child, is bound by the terms of a separation agreement (*see,* Family Ct Act § 461 [a]; *Matter of Boden v Boden,* 42 NY2d 210; *Pecora v Cerillo,* 207 AD2d 215).

The father's objections to the amount of child support fixed by the Family Court are without merit. Although the Hearing Examiner increased the basic child support obligation from $60 per week, as provided in the parties' 1985 separation agreement, to $175 per week, he rejected a higher amount proposed by the local Support Collection Unit as "unjust and inappropriate" (Family Ct Act § 413 [1] [f]) based upon the father's new household (*see,* Family Ct Act § 413 [1] [f] [8]; *Matter of Griffin v Janik,* 185 AD2d 635). The record supports the adjusted child support award.

The father's remaining contentions are without merit. Ritter, J. P., Santucci, Joy and Florio, JJ., concur.