■ In the Matter of KIMBERLY BERRY, Appellant, v JAIME BELTRAN, Respondent. [722 NYS2d 569] —In a support proceeding pursuant to Family Court Act article 5B, the mother appeals from an order of the Family Court, Nassau County (Lawrence, J.), dated December 22, 1999, which denied her objections to an order of the same court (Watson, H.E.), dated June 21, 1999, directing the father to pay only $50 per month in child support. The appeal brings up for review so much of an order of the same court, dated February 4, 2000, as, upon reargument, adhered to the original determination (see, CPLR 5517 [b]).

Ordered that the appeal from the order dated December 22, 1999, is dismissed, as that order was superseded by the order dated February 4, 2000, made upon reargument; and it is further,

Ordered that the order dated December 22, 1999, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The respondent had an extramarital affair with the appellant, which resulted in the birth of a son. At the time of the hearing in this support proceeding, the respondent was making support payments of $256 per week to his wife pursuant to a separation agreement.

In calculating income to determine the amount of the basic child support obligation (see, Family Ct Act § 413 [1] [b] [1]), a court shall deduct from the gross income of a party "maintenance actually paid to spouse not a party to the instant action pursuant to a court order or validly executed written agreement" (Family Ct Act § 413 [1] [b] [5] [vii] [B]). A court shall also deduct "child support actually paid pursuant to court order or written agreement on behalf of any child for whom the parent has a legal duty of support and who is not subject to the instant action" (Family Ct Act § 413 [1] [b] [5] [vii] [D]). Accordingly, the Family Court properly upheld the determination of the Hearing Examiner, who, upon calculating support for the son, credited the respondent with support payments made under the separation agreement (see, Family Ct Act § 413 [1] [b] [5] [vii] [B], [D]; cf., Matter of Mary V. B. v James X. S., 226 AD2d 714; see also, Matter of Commissioner of Social Servs. [Rolle] v Murphy, 254 AD2d 285).

The appellant's remaining contentions are without merit. O'Brien, J. P., Ritter, Goldstein and Smith, JJ., concur.