■ In the Matter of ANNA RANALLO, Appellant, v RICHARD RANALLO, Respondent. [753 NYS2d 859] —In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Westchester County (Dickerson, J.), entered December 17, 2001, which denied her objections to an order of the same court (Hochberg, H.E.), entered June 25, 2001, which, upon remittitur, adhered to an order of the same court, entered December 19, 2000, which, inter alia, after a hearing, directed the father to pay child support in the sum of only $140 per week.

Ordered that the order entered December 17, 2001, is reversed, on the law and the facts, with costs, the objections are sustained, the orders entered December 19, 2000, and June 25, 2001, are vacated, and the matter is remitted to the Family Court, Westchester County, for a recalculation of the father's income and support obligation.

Family Court Act § 413 (1) (b) (5) (vii) (D) provides that amounts actually paid by a parent pursuant to a court order or written agreement for the support of a child who is not the subject of the proceeding at issue shall be deducted from the parent's income for child support purposes (*see Matter of Mary V.B. v James X.S.,* 226 AD2d 714, 715). However, "the Legislature did not intend [this section] to apply to the ordinary support of * * * children in the parent's current household where, as here, the parent and his spouse have no plans to separate and continue to function as one economic unit" (*Matter of Mary V.B. v James X.S., supra* at 715).

The Hearing Examiner improperly deducted the amount the father allegedly paid to his current wife pursuant to a Rockland County support order, entered on his consent, in calculating his income for purposes of his child support obligation in the instant proceeding, because he continues to reside with his current wife from whom he has no plans to separate. Accordingly, the matter must be remitted to the Family Court, Westchester County, for a recalculation of the father's income and child support obligation. Florio, J.P., O'Brien, Adams and Crane, JJ., concur.