■ JAMES W. SMITH, Respondent, v DANA WINTER, Appellant. [883 NYS2d 412]—

Appeal from a supplemental judgment of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered March 18, 2008 in a divorce action. The supplemental judgment, inter alia, distributed the parties' marital assets.

It is hereby ordered that the supplemental judgment so appealed from is unanimously modified on the law by providing that plaintiff's personal checking accounts at Evans National Bank and HSBC Bank are marital property and directing plaintiff to pay defendant $11,330.15 for her marital interest in those accounts and by granting defendant interest on the net distributive award at the rate of 9% per annum commencing January 24, 2008 and as modified the supplemental judgment is affirmed without costs.

Memorandum: Defendant appeals from a supplemental judgment issued in a divorce action that, inter alia, distributed marital assets and ordered plaintiff to pay maintenance to defendant. The parties were married in 1996 and had no children. Prior to the marriage, plaintiff was the sole shareholder, chief executive officer, and president of American Wire Tie, Inc. (American Wire), which acquired 100% of the stock in Permanban North America (PNA). The evidence adduced at trial established that, during the marriage, plaintiff was substantially responsible for the day-to-day management and operation of American Wire. He had no involvement in the day-to-day operations of PNA. With respect to American Wire, Supreme Court found that the value of the company did not change during the course of the marriage. The court further found, however, that plaintiff's American Wire 401K had appreciated in value during the marriage, and thus the court awarded defendant half of the value of that appreciation by way of a qualified domestic relations order. With respect to PNA, the court found that the value of PNA appreciated by $20 million during the course of the marriage but that the increase in value attributable to plaintiff was minimal when compared to the increase attributable to those hired by plaintiff to run the company. The court thus determined that only 10% of the appreciation in value of PNA was marital property subject to equitable distribution and that defendant was entitled to 40% of the appreciated value based on her contributions as a homemaker. The court made additional awards with respect to, inter alia, life insurance policies, an art collection, and bank accounts, resulting in a total distributive award to defendant of $556,611.82. Finally, the court awarded defendant $1,700 per week as maintenance for a period of approximately 17 months.

We conclude that the court properly determined that only 10% of the appreciation of the value of PNA, a wholly owned subsidiary of American Wire, was marital property subject to distribution. It is undisputed that plaintiff was the sole shareholder of American Wire prior to the marriage, and thus American Wire remained plaintiff's separate property. It is further undisputed that PNA appreciated in value by over $20 million during the course of the marriage but that plaintiff's contributions to that appreciation were minimal. It is well settled that "an increase in the value of separate property of one spouse, occurring during the marriage and prior to the commencement of matrimonial proceedings, which is due in part to the indirect contributions or efforts of the other spouse as homemaker . . . should be considered marital property" (*Price v Price*, 69 NY2d 8, 11 [1986]). "When a nontitled spouse's

claim to appreciation and the other spouse's separate property is predicated solely on the nontitled spouse's indirect contributions, [however,] *some* nexus between the titled spouse's active efforts and the appreciation in the separate property is required" (*Hartog v Hartog*, 85 NY2d 36, 46 [1995]). Here, the court properly considered the "active efforts of others and any additional passive or active factors" in determining the percentage of total appreciation that constitutes marital property subject to distribution (*see id.* at 48).

Contrary to defendant's contention, the court properly determined that there was no evidence with respect to the appreciation of the life insurance policies, and thus there was no basis for the court to distribute such alleged appreciation as marital property (*see LaBarre v LaBarre*, 251 AD2d 1008, 1008-1009 [1998]; *Turner v Turner*, 145 AD2d 752, 753 [1988]). Also contrary to defendant's contention, the court did not abuse its discretion in distributing the artwork acquired by the parties during the marriage (*see McPheeters v McPheeters*, 284 AD2d 968 [2001]). The parties failed to have the artwork appraised and provided the court with only the acquisition costs of the artwork and the parties' preferences for certain pieces of art.

We conclude that the court's award of maintenance was not an abuse of discretion inasmuch as the court properly considered the factors set forth in Domestic Relations Law § 236 (B) (6) (a) (*see Mayle v Mayle*, 299 AD2d 869 [2002]). In determining the amount and duration of maintenance, the court took into consideration the marital standard of living, the ability of defendant to be self-supporting, the length of the marriage and the significant distributive award made to defendant, as well as other factors (*see generally Gulisano v Gulisano*, 214 AD2d 999 [1995]).

We agree with defendant, however, that the court erred in failing to identify and classify the personal checking accounts of plaintiff at Evans National Bank and HSBC Bank. It is undisputed that plaintiff deposited his earnings into the accounts during the marriage, and thus the accounts are marital property subject to distribution (*see generally LeRoy v LeRoy*, 274 AD2d 362 [2000]). We value the accounts based on their respective balances as of the date of commencement of the action and, based on the record before us, we conclude that the Evans National Bank account is valued at $17,808.98 and the HSBC account is valued at $4,851.32. An equal division of the accounts results in an award to defendant in the amount of $11,330.15. We therefore modify the supplemental judgment accordingly. In addition, the court erred in failing to grant defendant interest

on her net distributive award at the statutory rate commencing from the date of the court's decision (*see Singh v Singh*, 51 AD3d 1379 [2008]; *see also* CPLR 5002; *see generally Grunfeld v Grunfeld*, 255 AD2d 12, 22 [1999], *mod on other grounds* 94 NY2d 696 [2000]). We therefore further modify the supplemental judgment accordingly.

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Martoche, J.P., Smith, Centra, Fahey and Pine, JJ.