■ ROBIN BURNS, Appellant, v THOMAS E. BURNS, Respondent. [894 NYS2d 795]—

Appeal from a judgment of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered July 30, 2008 in a divorce action. The judgment, inter alia, directed defendant to pay to plaintiff child support and maintenance.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by providing that defendant's pro rata share of the child support obligation and the uninsured medical costs of the children is 67% and plaintiff's pro rata share of the child support obligation and the uninsured medical costs of the children is 33% and that defendant shall pay to plaintiff the amount of $88.92 per week for child support and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff appeals from a judgment of divorce that, inter alia, directed defendant to pay to plaintiff $61.50 per week in child support and $19,500 per year in maintenance for a period of three years, distributed the parties' debts and assets, and denied plaintiff's request for counsel fees. Contrary to plaintiff's contention, we conclude that Supreme Court did not abuse its discretion in refusing to award child support on the parties' combined income in excess of $80,000 (*see generally Matter of Cassano v Cassano*, 85 NY2d 649, 655 [1995]). In deciding to limit the child support award to the first $80,000 in combined parental income, the court properly relied on the factors set forth in Domestic Relations Law § 240 (1-b) (f) including, inter alia, the fact that the parties' financial resources after the payment of maintenance would be roughly equivalent, the fact that each parent would have one child living with him or her, and the fact that there would be no change in the children's standard of living as a result of the divorce (*see generally Bast v Rossoff*, 91 NY2d 723, 727 [1998]). The court also found significant the fact that the additional parenting responsibilities of defendant following the divorce will likely impact his ability to enhance his salary by working overtime.

We agree with plaintiff, however, that the court erred in

including the amount of maintenance awarded to her in her income for the purpose of calculating the parties' respective child support obligations (*see Johnston v Johnston*, 63 AD3d 1555 [2009]; *Frost v Frost*, 49 AD3d 1150, 1152 [2008]; *Huber v Huber*, 229 AD2d 904, 904-905 [1996]), and that the court applied the incorrect child support percentage in its calculation of child support. In split custody situations, the court must "determine the basic child support obligation on a per household basis with the controlling percentage for each such home determined according to how many children are living with the same custodial parent . . . [and the court must then] prorate the basic child support obligation in proportion to each parent's income" (*Matter of DeVoe v Erck*, 226 AD2d 1111, 1112 [1996] [internal quotation marks omitted]). We therefore modify the judgment by providing that defendant's pro rata share of the child support obligation and the uninsured medical costs of the children is 67% and plaintiff's pro rata share of the child support obligation and the uninsured medical costs of the children is 33% and that defendant shall pay to plaintiff the amount of $88.92 per week for child support.

We reject the further contention of plaintiff that the court abused its discretion in awarding her only $19,500 per year in maintenance for a period of three years after the sale of the marital residence. Here, the record establishes that the court properly considered the statutory maintenance factors, including the fact that plaintiff is self-supporting and has the capacity to increase her earnings in the future (*see* Domestic Relations Law § 236 [B] [6] [a]; *Mayle v Mayle*, 299 AD2d 869 [2002]). We thus conclude that the court's maintenance award "reflects an appropriate balancing of plaintiff's needs and defendant's ability to pay" (*Torgersen v Torgersen*, 188 AD2d 1023, 1024 [1992], *lv denied* 81 NY2d 709 [1993]).

We further conclude that the court did not abuse its broad discretion in distributing the parties' debts (*see Corless v Corless*, 18 AD3d 493, 494 [2005]; *see also Evans v Evans*, 55 AD3d 1079, 1081 [2008]). The court properly considered the factors set forth in Domestic Relations Law § 236 (B) (5) (d) and allocated marital debts in roughly the same proportion as it distributed the parties' limited marital assets, with a distributive award that slightly favored plaintiff. In making the distribution, the court did not credit defendant for the $11,000 reduction in the mortgage principal on the marital home during the pendency of the action, and it equally divided the proceeds from the sale of the marital home. Finally, we reject the contention of plaintiff that the court abused its discretion in denying her

request for counsel fees. Present—Centra, J.P., Peradotto, Carni, Pine and Gorski, JJ.