■ Daniel P. Hurley, Respondent, v Amanda H. Hurley, Appellant. [896 NYS2d 763]—

Appeal from an order of the Supreme Court, Monroe County (Stephen K. Lindley, J.), entered January 5, 2009 in a divorce action. The order, among other things, directed plaintiff to pay defendant weekly child support in a specified sum.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant mother appeals from an order in this divorce action that, inter alia, directed plaintiff father to pay the sum of $103.85 per week in child support. We reject the mother's contention that the Referee should have imputed additional income to the father in calculating his child support obligation. The Referee "is afforded considerable discretion in determining whether to impute income to a parent . . . , and that determination may properly be based upon a parent's prior employment experience" (*Matter of Hurd v Hurd*, 303 AD2d 928, 928 [2003]). Here, the record establishes that the prior employment of the father ended when his employer terminated the part of the business in which he was employed. In addition, the father did not significantly decrease his income by starting his own business rather than accepting similar employment from another employer. Consequently, the Referee did not abuse his discretion in refusing to impute additional income to the father (*cf. Matter of Rubley v Longworth*, 35 AD3d 1129, 1130-1131 [2006], *lv denied* 8 NY3d 811 [2007]). The mother did not request an order requiring the father to maintain life insurance for the benefit of the children, and thus her contention with respect thereto is not preserved for our review (*see generally*

*Stanley v Hain*, 38 AD3d 1205, 1206 [2007]; *Irato v Irato*, 288 AD2d 952 [2001]). Present—Smith, J.P., Fahey, Carni, Sconiers and Pine, JJ.