▄▄ RONALD VANYO, Respondent, v ANN VANYO, Appellant. [914 NYS2d 492]—

Appeal from a judgment of the Supreme Court, Erie County (John F. O'Donnell, J.), entered September 14, 2009 in a divorce action. The judgment, inter alia, equitably distributed the marital property of the parties.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating decretal paragraphs 5, 7 and 14 and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Defendant wife appeals from a judgment that inter alia, granted plaintiff husband sole custody of the parties' two children, provided for child support, and distributed the marital property and debt. Preliminarily, we reject the wife's contention that there was a conflict between Supreme Court's decisions and the judgment that was entered. The judgment merely clarified the decisions (*see DeSantis v DeSantis*, 205 AD2d 928, 930 [1994]), and otherwise sought to address the parties' contentions in their entirety. Moreover, the wife failed to preserve for our review her contention that the court failed to credit her separate property contribution to the marital home inasmuch as she previously contended that the appreciation on her separate property, which was the only portion of the sale of that property applied to the purchase of the marital home, was in fact marital property (*see generally Hurley v Hurley*, 71 AD3d 1470 [2010]). In any event, the wife's contention lacks merit, because the evidence establishes that the appreciation on that separate property resulted from the combined efforts of both parties to improve that property (*see Price v Price*, 69 NY2d 8, 11 [1986]; *see also Smith v Winter*, 64 AD3d 1218 [2009], *lv denied* 13 NY3d 709 [2009]). The court also properly concluded that property purchased by the husband prior to the marriage remained his separate property. Although the wife presented evidence establishing that she did in fact contribute to the prop-

erty, she failed to present the requisite evidence establishing that the property appreciated in value as a result of her contributions (*see generally Embury v Embury*, 49 AD3d 802, 804 [2008]).

Contrary to the wife's further contention, the court properly awarded sole custody of the parties' two children to the husband. The parities here were " 'so embattled and embittered as to effectively preclude joint decision making' " (*Capodiferro v Capodiferro*, 77 AD3d 1449, 1450 [2010]). Moreover, there is a sound and substantial basis in the record supporting the court's determination, i.e., that the award of sole custody to the father was in the children's best interests (*see generally Wideman v Wideman*, 38 AD3d 1318, 1319 [2007]).

We agree with the wife, however, that certain portions of the judgment must be vacated, and we modify the judgment accordingly and remit the matter for a further hearing with respect thereto. As the wife correctly contends, the court erred in calculating child support by applying a combined parental income cap of $130,000 to its calculations before the effective date of the legislation amending the amount of the income cap from $80,000 to $130,000 (*see* Domestic Relations Law § 240 [1-b] [c] [3]). Rather, the court should have applied the $80,000 combined parental income cap that was in effect at the time judgment was rendered (*see* § 240 [1-b] [c] [2]). Moreover, to the extent that the court awarded child support on the parties' income in excess of the $80,000 cap, the court was required to articulate its reasons for doing so (*see* § 240 [1-b] [c] [3]; [f]; *Matter of Cassano v Cassano*, 85 NY2d 649, 655 [1995]). We therefore modify the judgment by vacating the amount awarded for child support, and we remit the matter to Supreme Court to determine the amount of child support to be paid by the wife to the husband in compliance with the Child Support Standards Act, following a hearing if necessary (*see Irene v Irene* [appeal No. 2], 41 AD3d 1179, 1181 [2007]).

Two further modifications of the judgment are required, both of which also require remittal to Supreme Court. First, the court failed to make a finding concerning the fair market value of the marital residence at the time of trial (*see generally Wittig v Wittig*, 258 AD2d 883, 884 [1999]), despite having distributed that property based on a calculation that required the court to make a finding of the property's fair market value. The lack of such a finding, and the lack of reliable evidence adduced on the issue at trial to enable this Court to make its own finding, requires vacatur of the judgment in that respect, as well as remittal to Supreme Court for a finding on that issue, following

a hearing if necessary (*see Hoffman v Hoffman*, 31 AD3d 1125, 1126 [2006]). Second, the court erred in allocating credit card debt to the wife without articulating its reasons for doing so. In distributing debt, a court is required to consider the factors set forth in Domestic Relations Law § 236 (B) (5) (d) and to state the factors that influenced its decision in accordance with section 236 (B) (5) (g) (*see Burns v Burns*, 70 AD3d 1501, 1503 [2010]). We thus further modify the judgment accordingly, and we remit the matter to Supreme Court for further consideration of that issue, following a hearing if necessary (*see Capasso v Capasso*, 119 AD2d 268, 272 [1986]). Present—Martoche, J.P., Smith, Fahey, Peradotto and Green, JJ.