■ ADELAIDA O'BRIEN, Respondent, v KEVIN O'BRIEN, Appellant. [931 NYS2d 78]—

As memorialized in a decision made after a nonjury trial in this matrimonial action, the Supreme Court found that the plaintiff former wife had an annual income of $33,262 from all sources, and the defendant former husband had an annual income of $115,747 from all sources. The parties were divorced by judgment dated November 30, 2009. In addition to child support of $2,625 per month, plus support arrears, the Supreme Court awarded the plaintiff maintenance in the amount of $1,375 per month over a period of 10 years, to increase as each of the parties' six children becomes emancipated, so that the plaintiff will receive the total sum of $4,000 per month in combined child support and maintenance for a period of 10 years, plus maintenance arrears. The Supreme Court also awarded the plaintiff an attorney's fee in the amount of $10,000. The plaintiff was to remain in the marital residence and pay all carrying costs.

The awards of child support, maintenance, arrears, and an attorney's fee were based upon the Supreme Court's calculation of the parties' respective incomes. The defendant correctly contends that the Supreme Court made a mathematical error in calculating the plaintiff's income. The numbers reflecting the various components of the plaintiff's annual income, as set forth by the Supreme Court in its decision, add up to a total of $54,163, not $33,262, as erroneously stated by the Supreme Court. A court has the inherent power to relieve a party from judgments taken through mistake or inadvertence in the interest of justice (*see Matter of McKenna v County of Nassau, Off. of County Attorney*, 61 NY2d 739, 742 [1984]; *Katz v Marra*, 74 AD3d 888, 890 [2010]; *Hanlon v Thonsen*, 146 AD2d 743, 744 [1989]). In light of the calculation error noted above, the awards of child support, maintenance, arrears, and an attorney's fee must be recalculated based on the correct figures.

Further, with respect to one of the components of the defendant's annual income, the Supreme Court attributed an incorrect amount. Three of the components are supported by the record: a disability pension in the annual sum of $38,400, salary in the sum of $49,105 annually, and annual income in the amount of $18,000 from the defendant's video duplicating service KOBICS, formerly known as ServAssist. However, the record does not support the Supreme Court's calculation and imputation of the sum of $15,376 in annual benefits from the defendant's employer for use of an automobile and cell phone, along with the employer's payment of expenses attributable to the use of those items. Domestic Relations Law § 240 (1-b) (b) (5) (iv) (B) provides that the Supreme Court may, in its discretion, "attribute or impute income from . . . automobiles or other perquisites that are provided as part of compensation for employment to the extent [they] constitute expenditures for personal use, or . . . directly or indirectly confer personal economic benefits." Here, although the defendant's employer expended the sum of $15,376 in 2007 for the defendant's use of an automobile and cell phone and related expenses, the amount attributable to income is considerably smaller in light of the defendant's testimony that only 10% of his use of the automobile, and only a "portion" of his use of the cell phone, were personal uses.

Upon remittal for recalculation, the discrepancy between the parties' incomes will necessarily be smaller than previously calculated, and, accordingly, the defendant's pro rata share of the basic child support obligation must be recalculated. Further, upon remittal, the Supreme Court must recalculate the award of maintenance based upon factors including the parties' re-

spective incomes as recalculated, their predivorce standard of living, and the financial resources of each, considered separately, balancing the plaintiff's needs with the defendant's ability to pay (*see Kover v Kover*, 29 NY2d 408, 416 [1972]; *Litvak v Litvak*, 63 AD3d 691, 692 [2009]; *Berlin v Berlin*, 36 AD2d 763, 764 [1971]). Moreover, the maintenance award should not provide for an automatic increase upon the prospective emancipation of each of the parties' children. Maintenance is designed to give the spouse economic independence and should continue only as long as necessary to render the recipient self-supporting. The award should meet the recipient spouse's reasonable needs while providing an appropriate incentive for the recipient to become financially independent (*see Griggs v Griggs*, 44 AD3d 710, 712 [2007]; *Granade-Bastuck v Bastuck*, 249 AD2d 444, 446 [1998]). The amount of the maintenance award is a discretionary determination based upon a number of interrelated facts then in existence; unless a future event is imminent and measurable, an award of maintenance should not include a provision for increase or decrease upon the happening of a particular future event (*see Majauskas v Majauskas*, 61 NY2d 481, 494-495 [1984]; *Dawson v Dawson*, 152 AD2d 717, 720 [1989]). Here, the provision for automatic increase of maintenance upon the emancipation of each of the parties' children ignores other factors which may come into existence at the time of each child's emancipation. Therefore, the parties' changing needs are best addressed in a future application for modification of the amount of maintenance (*see Lesman v Lesman*, 88 AD2d 153, 161 [1982]; *Gallo v Gallo*, 50 AD2d 830 [1975]).

Contrary to the defendant's contention, the award of visitation, which included alternate weekends and certain holidays in addition to two hours for dinner every Wednesday, had a sound and substantial basis in the record, and will not be disturbed (*see Matter of Larkin v White*, 79 AD3d 751 [2010]; *Matter of Mohabir v Singh*, 78 AD3d 1056, 1056-1057 [2010]).

An award of an attorney's fee is a matter for the trial court's discretion, which requires consideration of factors including the merits of the parties' positions and their respective financial circumstances (*see Raynor v Raynor*, 68 AD3d 835, 839 [2009]). On the record presented, including the apparent discrepancy between the parties' income and other circumstances, the Supreme Court did not improvidently award the plaintiff an attorney's fee (*id.*; *see Sinanis v Sinanis*, 67 AD3d 773, 774 [2009]; *Litvak v Litvak*, 63 AD3d 691 [2009]). However, the amount of the award was premised upon an erroneous calculation of the parties' respective incomes. Upon recalculation, that discrepancy

will be necessarily smaller. Accordingly, upon remittal, the Supreme Court must recalculate an appropriate award to the plaintiff of an attorney's fee. Angiolillo, J.P., Dickerson, Hall and Miller, JJ., concur.