# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

31

CA 12-00519

PRESENT: SMITH, J.P., VALENTINO, WHALEN, AND MARTOCHE, JJ.

---

CAROL H. SCULLY, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

DANIEL J. SCULLY, DEFENDANT-RESPONDENT.

---

ZDARSKY SAWICKI & AGOSTINELLI LLP, BUFFALO (GERALD T. WALSH OF COUNSEL), FOR PLAINTIFF-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John F. O'Donnell, J.), entered October 14, 2011. The judgment, inter alia, equitably distributed the marital assets of the parties.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing defendant to obtain a life insurance policy with plaintiff as the beneficiary in the amount of $500,000 and to maintain that policy until the youngest child reaches the age of majority and the judgment is otherwise affirmed without costs.

Memorandum: Plaintiff appeals from certain parts of a judgment of divorce that, inter alia, directed defendant to pay to plaintiff the amount of $30,160 per year in child support and to pay his pro rata share of 80% of the children's private school tuition. Contrary to plaintiff's contention, we conclude that Supreme Court did not abuse its discretion in refusing to award child support on the parties' combined income in excess of $130,000 (*see Burns v Burns*, 70 AD3d 1501, 1502; *Frost v Frost*, 49 AD3d 1150, 1151). In deciding to limit the child support award to the first $130,000 in combined parental income, the court properly considered the factors set forth in Domestic Relations Law § 240 (1-b) (f), including the fact that the divorce would not result in a change in the children's standard of living (*see Burns*, 70 AD3d at 1502). Plaintiff's contention that the court erred in calculating the parties' pro rata shares was raised for the first time in her reply brief and thus that contention is not properly before us on appeal (*see Turner v Canale*, 15 AD3d 960, 960, *lv denied* 5 NY3d 702).

We reject plaintiff's contention that the court erred in ordering that defendant's maintenance obligation be terminated on December 31, 2011. " 'As a general rule, the amount and duration of maintenance

are matters committed to the sound discretion of the trial court' "
(*Frost*, 49 AD3d at 1150-1151).  We conclude that the court's
determination here to terminate maintenance on December 31, 2011 was
not an abuse of discretion inasmuch as the court properly considered
the factors set forth in Domestic Relations Law § 236 (B) (6) (a) (*see
Smith v Winter*, 64 AD3d 1218, 1220, *lv denied* 13 NY3d 709).  Contrary
to plaintiff's further contention, we conclude that the court did not
abuse its discretion in directing that defendant was not obligated to
begin paying his pro rata share of the children's private high school
tuition until January 1, 2012 (*see generally Fruchter v Fruchter*, 288
AD2d 942, 943).

We also conclude that the court properly distributed the marital
property.  Plaintiff " 'failed to trace the source of the funds [that
she contended were separate property] with sufficient particularity to
rebut the presumption that they were marital property' " (*Bailey v
Bailey*, 48 AD3d 1123, 1124; *see Bennett v Bennett*, 13 AD3d 1080, 1082,
*lv denied* 6 NY3d 708).  Contrary to plaintiff's contention, the court
did not abuse its discretion in determining the value of the marital
home.  "[V]aluation [of marital property] is an exercise properly
within the fact-finding power of the trial courts, guided by expert
testimony" (*Burns v Burns*, 84 NY2d 369, 375).  " 'Supreme Court has
broad discretion in crediting the testimony of an expert witness' in
determining value" (*Walasek v Walasek*, 243 AD2d 851, 852-853), and the
court properly exercised its discretion when it credited the testimony
of defendant's expert concerning the estimated costs of making
necessary repairs to the marital home.

We agree with plaintiff, however, that the court erred in failing
to direct defendant to obtain a life insurance policy to secure his
obligation for child support and his pro rata share of the children's
private school tuition (*see* Domestic Relations Law § 236 [B] [8] [a];
*Corless v Corless*, 18 AD3d 493, 494).  We therefore conclude that
defendant is obligated to obtain a life insurance policy listing
plaintiff as the beneficiary in the amount of $500,000 and to maintain
that policy until the youngest child reaches the age of majority (*see
generally Corless*, 18 AD3d at 494), and we modify the judgment
accordingly.  We have reviewed plaintiff's remaining contentions and
conclude that they are without merit.

Entered:  March 15, 2013                        Frances E. Cafarell
                                                Clerk of the Court