Zatyko v Zatyko (2026 NY Slip Op 01901)

Zatyko v Zatyko

2026 NY Slip Op 01901

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, OGDEN, GREENWOOD, AND
DELCONTE, JJ.

950 CA 25-00047

[*1]KENNETH R. ZATYKO, PLAINTIFF-APPELLANT,
vCAROLINE F. ZATYKO, DEFENDANT-RESPONDENT. 

V. JULIA LUYSTER, P.A., EAST CONCORD (V. JULIA LUYSTER OF
COUNSEL), FOR PLAINTIFF-APPELLANT.
LOTEMPIO LAW FIRM, LLC, BUFFALO (TERRI L. LOTEMPIO OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from a judgment of the Supreme Court, Erie County (Catherine R. Nugent
Panepinto, J.), entered October 23, 2024, in a divorce action. The judgment, among other
things, dissolved the marriage of the parties and distributed marital property. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified
on the law by vacating the second decretal paragraph and by reducing the retroactive
payment to be awarded to defendant of $46,402.71 to $39,157.71, and as modified the
judgment is affirmed without costs.
Memorandum: Plaintiff appeals from a judgment that, among other things, dissolved
his marriage to defendant and distributed marital property.
We agree with plaintiff that Supreme Court abused its discretion in ordering the
parties to annually exchange tax returns and recalculate spousal maintenance each year
until both parties turn 70 (see generally O'Brien v O'Brien, 88
AD3d 775, 778 [2d Dept 2011]). Inasmuch as "[t]he amount of [a] maintenance award is
a discretionary determination based upon a number of interrelated facts then in existence,
. . . the parties' changing needs are best addressed in a future application for modification
of the amount of maintenance" (id.; see generally § 236 [B] [9] [b]
[1]; Gahagan v Gahagan,
172 AD3d 1007, 1008 [2d Dept 2019]; Wilkins v Wilkins, 129 AD3d 1617, 1618 [4th Dept 2015]).
We thus modify the judgment by vacating the second decretal paragraph.
We further agree with plaintiff that the court abused its discretion in calculating the
equitable distribution of the marital property by failing to credit him for payment of
defendant's share of the 2019 income taxes. This Court will generally not disturb an
allocation of marital debts if the court "properly considered the factors set forth in
Domestic Relations Law § 236 (B) (5) (d) and allocated marital debts in roughly the
same proportion as it distributed the parties' . . . marital assets" (Burns v Burns, 70 AD3d
1501, 1503 [4th Dept 2010]). Here, however, the court abused its discretion in failing
to provide plaintiff a credit for paying the 2019 income taxes in determining the equitable
distribution of property (see
Morales v Carvajal, 153 AD3d 514, 515 [2d Dept 2017]; King v King,
258 AD2d 717, 719 [3d Dept 1999]; see generally Burns, 70 AD3d at 1503). We
therefore further modify the judgment by reducing the retroactive payment to be awarded
to defendant of $46,402.71 to $39,157.71.
We have reviewed plaintiff's remaining contentions and conclude that none requires
further modification or reversal of the judgment.
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court