■ CINDY ESTRUCH et al., and All Others Similarly Situated, Appellants-Respondents, v VOLKSWAGEN AG. et al., Respondents-Appellants. SHOOLMAN LAW FIRM, P. C., Nonparty Appellant-Respondent. (Appeal No. 1.)—Order and judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum:

The primary issue on appeal is the appropriateness of the court's award of attorney's fees to petitioner for its services in a class action against defendants referred to as the *Estruch* action *(see,* CPLR 909). The class consisted of persons who owned Volkswagen Rabbit automobiles equipped with an allegedly defective engine valve stem seal. The action was commenced in 1981 but was dismissed and repleaded several times thereafter. When class certification was granted in May 1986, the only valid causes of action pleaded were common-law fraud and tortious interference with contract. The *Estruch* action was settled in February, 1987. Defendants paid a total of $353,954 to 855 claimants.

In his application, petitioner sought attorney's fees for his services in *Estruch,* as well as services he performed in three related class actions referred to as *Burns, Deadwyler* and *Abraham* which were resolved in defendants' favor. Petitioner was not entitled to any fees for the three related actions because petitioner failed to establish that his services in those actions would necessarily have been performed in *Estruch.*

In *Estruch,* the court awarded petitioner a lodestar fee of $331,500 based on 2,550 hours of service performed between 1981 and 1987, at a rate of $130 per hour. The court then augmented this fee by a multiplier of 1.93 resulting in total attorney's fees of $639,795. Although we agree with the court's determination of the appropriate hours and rate *(see, Matter of Rahmey v Blum,* 95 AD2d 294, 301-302), we disagree with the court's application of an enhancement multiplier.

The court abused its discretion in applying any enhancement multiplier. Given that the matter was settled neither because of the strength of plaintiffs' case nor because of the advocacy of petitioner but because of settlements in similar related litigation, and that petitioner's work was of average quality on a case that was neither difficult nor complex, no enhancement multiplier should have been applied *(see, Hensley v Eckerhart,* 461 US 424; *Matter of Rahmey v Blum, supra,* at 303-305). Moreover, petitioner has not established that without such enhancement the class would have faced substantial difficulties in finding competent counsel in the relevant community *(see, Pennsylvania v Delaware Val. Citizens' Council,* 483 US 711, 733-734 [O'Connor, J., concurring in part]; *see also, Missouri v Jenkins,* 491 US 274, 282).

Accordingly, we modify the order and judgment by eliminating the multiplier and all pre-judgment interest and otherwise affirm the lodestar fee of $331,500. (Appeals from Order and

Judgment of Supreme Court, Monroe County, Rosenbloom, J. —Attorney's Fees.) Present—Doerr, J. P., Boomer, Green, Lawton and Davis, JJ.