■ STANLEY J. CIURA, as Executor of IRENE CIURA, Deceased, et al., Respondents, v RICHARD MUTO et al., Defendants. ROBERT H. MATHEIS et al., Individually and on Behalf of All Those Similarly Situated, Respondents, v RICHARD MUTO et al., Defendants. ZDARSKY, SAWICKI & AGOSTINELLI, Appellant, v RICHARD MUTO, Defendant. (Appeal No. 2.) [808 NYS2d 842]—

Appeal from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered September 21, 2004. The order, inter alia, denied that part of the motion of plaintiff Zdarsky, Sawicki & Agostinelli seeking vacatur of the order awarding interim attorneys' fees and disbursements to counsel for plaintiffs and the coreceivers in the class action.

It is hereby ordered that said appeal from the order insofar as it denied leave to reargue be and the same hereby is unanimously dismissed (*see Empire Ins. Co. v Food City*, 167 AD2d 983, 984 [1990]) and the order is modified on the law by granting that part of the motion of plaintiff Zdarsky, Sawicki & Agostinelli with respect to the order entered March 29, 2004 and vacating that order and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: The law firm of Zdarsky, Sawicki & Agostinelli (law firm) initially represented defendants Richard Muto and Deborah Muto in the underlying class action, but Supreme Court granted the law firm's motion seeking to

withdraw as counsel based on nonpayment of fees. We conclude that the court erred in denying that part of the subsequent motion of the law firm seeking vacatur of the order awarding interim attorneys' fees and disbursements to counsel for plaintiffs and the coreceivers in the class action. In awarding attorneys' fees in a class action, the court should "multiply the number of hours reasonably expended on the litigation by the reasonable hourly rate" and should also consider factors such as "the novelty and difficulty of the questions presented . . . [and] the skill requisite to perform the legal services properly" (*Matter of Rahmey v Blum*, 95 AD2d 294, 303 [1983]; *see also Becker v Empire of Am. Fed. Sav. Bank*, 177 AD2d 958, 958-959 [1991]). In the absence of a decision by the court explaining with the requisite specificity its reasoning for the amount of attorneys' fees awarded, we are unable "to determine whether the award was within the proper exercise of the court's discretion" (*Rahmey*, 95 AD2d at 305), and we also are unable on the record before us to determine the propriety of the amount of disbursements awarded. We therefore modify the order accordingly, and we remit the matter to Supreme Court to determine, upon notice to the law firm, the amount of interim attorneys' fees and disbursements to be awarded to counsel for plaintiffs and the coreceivers in the class action following a hearing, if necessary. We have examined the remaining contentions of the law firm and conclude that they are lacking in merit. Present—Green, J.P., Scudder, Kehoe, Martoche and Hayes, JJ.