OPINION OF THE COURT
Kane, J.
Plaintiffs decedent was a resident of defendant’s skilled nursing facility when she developed septic shock and passed away. *164 Following her death, the Department of Health (hereinafter DOH) investigated the conditions at defendant’s facility and found numerous violations of DOH rules and regulations. After plaintiff commenced this action against defendant and decedent’s physician alleging medical malpractice, negligence and wrongful death, plaintiff moved to amend his complaint to add a cause of action pursuant to Public Health Law § 2801-d— which provides a private right of action for nursing home residents to recover for the deprivation of certain rights—and for class action certification of the claims based on that section and in negligence. Supreme Court (Connor, J.) permitted plaintiff to amend his complaint but denied the other requested relief. On appeal, this Court modified Supreme Court’s order by permitting class certification of plaintiffs Public Health Law § 2801-d claim (309 AD2d 1132, 1133-1134 [2003]).
Thereafter, Supreme Court defined the applicable class and severed plaintiff’s private claims, which he later settled for $45,000. Plaintiff moved pursuant to CPLR 907, 908 and 909 for an order approving the proposed settlement of this class action on behalf of the 242 class members for $950,000, which was to be used to compensate class members and to pay for counsel fees and expenses, notifying class members, administering the settlement, and providing an incentive award to plaintiff. Caroline Ahlfors Mouris, the executor of one class member’s estate, did not challenge the total settlement amount or the formula for distributing proceeds to class members, but opposed the terms of the settlement concerning fees and expenses and cross-moved for an order awarding her counsel fees related to preparing and presenting her objections.
Supreme Court (Donohue, J.) denied Mouris’s objections, approved the proposed amount of the settlement and directed that the money be distributed as follows: $448,483 to class counsel for counsel fees and expenses; $35,000 to plaintiff as an incentive award; $40,000 to Paul Macari, the class action settlement administrator, for past and future services; and the balance to the class members in accordance with the distribution formula. Mouris now appeals.
The award of counsel fees and expenses should be reduced to $425,000, the amount originally requested by class counsel. Where a favorable settlement has been obtained on behalf of a class, “the court in its discretion may award [counsel] fees to the representatives of the class based on the reasonable value of legal services rendered” (CPLR 909). The party seeking the fee *165 bears the burden of showing the reasonableness of the fee by providing definite information regarding the way in which time was spent and the experience of the attorneys performing each task (see Klein v Robert’s Am. Gourmet Food, Inc., 28 AD3d 63, 75 [2006]).
While the “determination as to the proper amount of an award of [counsel] fees lies largely within the discretion of the court, the discretion is not unlimited” (Matter of Rahmey v Blum, 95 AD2d 294, 299-300 [1983] [citation omitted]). When reviewing a fee application in a class action, the court acts as a fiduciary and must protect the rights of absent class members (see Silberblatt v Morgan Stanley, 524 F Supp 2d 425, 433 [SD NY 2007]). Although no single method of determining fees is mandated (see Bear Stearns Cos., Inc. v Jardine Strategic Holding, Ltd., NYLJ, Aug. 7, 1991, at 22, col 3 [Sup Ct, New York County]), two acceptable options are the percentage approach and the lodestar method, the latter having originated in class action litigation (see Goldberger v Integrated Resources, Inc., 209 F3d 43, 50 [2d Cir 2000]; Frank v Eastman Kodak Co., 228 FRD 174, 188 [WD NY 2005]; Sheppard v Consolidated Edison Co. of N.Y., Inc., 2002 WL 2003206, *7, 2002 US Dist LEXIS 16314, *23-24 [ED NY 2002]; Friar v Vanguard Holding Corp., 125 AD2d 444, 447 [1986]). Under the lodestar method, the court determines the reasonable hourly rate and multiplies it by the reasonable number of hours expended, then adjusts the fee based upon certain subjective criteria (see Ciura v Muto, 24 AD3d 1209, 1210 [2005], lv denied 7 NY3d 701 [2006]; Friar v Vanguard Holding Corp., 125 AD2d at 447; Washington Fed. Sav. & Loan Assn. v Village Mall Townhouses, 90 Misc 2d 227, 231 [1977]; see also Estruch v Volkswagen AG., 177 AD2d 943, 944 [1991], lv denied 79 NY2d 759 [1992]; Matter of Rahmey v Blum, 95 AD2d at 303-304 [listing criteria]). Here, Supreme Court used the lodestar method, resulting in a fee to class counsel greater than the amount requested.
Class counsel met their burden of proving that the value of their services, including expenses totaling $53,630.94, entitled them to an award of $425,000, as they requested. In addition to the hearing transcript that contains explanations regarding the fees and expenses, the record contains three affidavits from the lead class counsel explaining the fees and expenses in detail, the resumes of attorneys who worked on the case, verification of expenses, and detailed time sheets regarding the work performed and hours billed. The record reveals that the amount of counsel *166 fees was caused in part by the novelty of the case, the difficulty involved in proving the class claim, and defendant’s tenacious fight against plaintiff on every issue. This was a complex case that required approximately 1,900 hours of legal services over the course of six years and involved an area of law without much case law to lend guidance (compare Becker v Empire of Am. Fed. Sav. Bank, 177 AD2d 958, 958 [1991]). Review of the record and Supreme Court’s decision reveals that the court adequately considered the alleged overcharges in expenses and hours, some of which were conceded, in determining the reasonable value of the legal services rendered. Counsel requested a fee amount greater than a one-third percentage but approximately $23,000 less than the amount determined under the lodestar method. Awarding class counsel the fee they requested would result in a reasonable fee for their services, which is equitable to members of the class and accommodates any errors in calculation (see Matter of Rahmey v Blum, 95 AD2d at 303-304; Mark Fabrics Inc. v GMAC Commercial Credit LLC, 2005 NY Slip Op 30297[U] [Sup Ct, NY County 2005]).
New York law does not authorize incentive awards for named plaintiffs in class actions. Federal courts grant incentive awards where there are special circumstances, such as personal risk incurred by the plaintiff, exceptional time and effort expended in assisting class counsel, advancement of litigation expenses and acceptance of the risk of loss, or other similar burdens (see Frank v Eastman Kodak Co., 228 FRD at 187; Roberts v Texaco, Inc., 979 F Supp 185, 200 [SD NY 1997]; RMED Intl., Inc. v Sloan’s Supermarkets, Inc., 2003 WL 21136726, *2, 2003 US Dist LEXIS 8239, *7 [SD NY 2003]; Dornberger v Metropolitan Life Ins. Co., 203 FRD 118, 124-125 [SD NY 2001]; but see Kincade v General Tire & Rubber Co., 635 F2d 501, 506 n 5 [5th Cir 1981]). Such awards make named plaintiffs whole by compensating them for their extraordinary efforts or expenditures on behalf of the class, and encourage others to act as private attorneys general to promote important public and individual rights (see Roberts v Texaco, Inc., 979 F Supp at 200-201; see also Silberblatt v Morgan Stanley, 524 F Supp 2d at 435).
On the other hand, there are policy arguments against incentive awards. Class representatives may be tempted to accept suboptimal settlements at the expense of the remaining class members in exchange for special awards in addition to their *167 share of the recovery, thus undermining their effectiveness as fiduciaries of the class (see Roberts v Texaco, Inc., 979 F Supp at 200-201). Some individuals may commence spurious class actions with the expectation of settlements leading to compensation in the form of incentive awards. New York courts generally only allow plaintiffs to recover for their injuries, not for their time or efforts in bringing lawsuits from which they will be compensated (see Masholie v Salvator, 182 Misc 523, 525-526 [1944], mod on other grounds 269 App Div 846 [1945]). The Legislature did not statutorily provide for incentive awards when enacting CPLR article 9, and we decline to create new law, leaving that policy determination within the purview of the Legislature (cf. Bear Stearns Cos., Inc. v Jardine Strategic Holding, Ltd., NYLJ, Aug. 7, 1991, supra; but see Mark Fabrics, Inc. v GMAC Commercial Credit LLC, 2005 NY Slip Op 30297[U], supra; compare CPLR 909 [altering the American Rule and allowing for counsel fees in class actions]).
Supreme Court abused its discretion in approving a $40,000 award to the settlement fund administrator because the amount is arbitrary and not supported by the record. Unquestionably, the court had the authority to provide for this element of allowable expenses. But neither class counsel nor the settlement administrator provided any evidence to support the proposed amount or permit a proper valuation of the administrator’s services, such as his hourly rates, time expended and estimated to be expended, and expenses incurred and expected, etc. (compare Genden v Merrill Lynch, Pierce, Fenner & Smith, Inc., 741 F Supp 84, 87-88 [SD NY 1990]). The record indicates that approximately $6,300 has been incurred in administration expenses and forecasts future expenses, but no evidence was offered to support those figures. Given his legal experience, the settlement administrator is in the best position to provide the court with a report of expenses and fees already incurred and to forecast his future expenditures and fees (see e.g. id.). Although $40,000 may not be excessive, that fee amount is not supported by this record. As such, the issue must be remitted for the parties to submit proof from which Supreme Court can determine the reasonable value of the settlement administrator’s services and expenses.
Finally, Supreme Court properly declined to award fees and expenses to Mouris’s counsel. The American Rule provides that, unless a shifting of counsel fees is provided for by statute or contract, each party is responsible for its own counsel fees *168 (see Alyeska Pipeline Service Co. v Wilderness Society, 421 US 240, 247 [1975]; #1 Funding Ctr., Inc. v H & G Operating Corp., 48 AD3d 908, 911 [2008]). While the Legislature has provided for the payment of counsel fees to class representatives in class actions, either from the judgment or settlement fund or directly from the defendant, the statute does not provide for the payment of counsel fees to any other party or individual (see CPLR 909; compare SCPA 2302 [6] [permitting counsel fees to any party in a will construction proceeding]; Fed Rules Civ Pro rule 23 [h]; Advisory Comm Note to 2003 Amends of Fed Rules Civ Pro rule 23 [h] [noting that rule 23 (h) allows the court to award fees to any attorney, not just class counsel]). As counsel fees are not statutorily permitted for anyone but class counsel, the court could not award fees to Mouris’s counsel.
Mercure, J.E, Feters, Rose and Lahtinen, JJ., concur.
Ordered that the order is modified, on the law and the facts, without costs, by reducing the award of counsel fees and expenses to the class counsel from $448,483 to $425,000, eliminating the $35,000 incentive award to the named plaintiff, and reversing the $40,000 fee award to the settlement administrator; matter remitted to the Supreme Court for further proceedings to determine the settlement administrator’s fees and expenses; and, as so modified, affirmed.