■ In the Matter of Dominic DelVecchio, Appellant, v Jacqueline DelVecchio, Respondent. [883 NYS2d 252]—In a visitation proceeding pursuant to Family Court Act article 6, which was transferred to the Integrated Domestic Violence Part of the Supreme Court (*see* 22 NYCRR 141.4), the father appeals from an order of the Supreme Court, Westchester County (Walker, J.), entered March 7, 2008, which, without a hearing, dismissed the petition.

Ordered that the appeal from so much of the order as dismissed the branch of the petition which was for visitation with the child Francis Brundage is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

This visitation proceeding was transferred to the Integrated Domestic Violence Part of the Supreme Court pursuant to the Rules of the Chief Judge(22 NYCRR) part 41, and the Rules of the Chief Administrator of the Courts (22 NYCRR) part 141, and is "subject to the same substantive and procedural law as would have applied to it had it not been transferred" (22

NYCRR 141.5 [b]). Accordingly, the provisions of the Family Court Act are applicable to the determination of the petition.

The oldest child has reached the age of 18 years. Since the Family Court only has jurisdiction to direct visitation with minor children, defined as children who have not attained the age of 18 years (*see* Family Ct Act § 119 [c]; § 651), the proceeding with respect to the oldest child has been rendered academic (*see Matter of Cruz v Cruz,* 48 AD3d 804, 804-805 [2008]; *Matter of Lozada v Pinto,* 7 AD3d 801 [2004]).

We affirm the dismissal of those branches of the petition which were for visitation with the parties' two younger children. On January 29, 2008 the Supreme Court dismissed the father's pro se petition dated June 14, 2007 for failure to appear at a scheduled hearing, and, noting that he had filed frequent baseless petitions in a short period of time, it directed that he could not file any further pro se petitions without court approval (*see Matter of Simpson v Ptaszynska,* 41 AD3d 607 [2007]; *Matter of Pignataro v Davis,* 8 AD3d 487 [2004]; *Sassower v Signorelli,* 99 AD2d 358 [1984]). Since the father failed to obtain leave of court before filing the instant pro se petition, the Supreme Court providently exercised its discretion in dismissing the petition without a hearing (*cf. Matter of Plummer v Plummer,* 25 AD3d 558 [2006]).

The father's remaining contention is without merit. Spolzino, J.P., Angiolillo, Leventhal and Lott, JJ., concur.