Ritchie v Ritchie (2020 NY Slip Op 03316)





Ritchie v Ritchie


2020 NY Slip Op 03316


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


416 CA 19-01098

[*1]JULIE RITCHIE, PLAINTIFF-APPELLANT,
v
BRIAN M. RITCHIE, DEFENDANT-RESPONDENT. 






KAMAN BERLOVE MARAFIOTI JACOBSTEIN & GOLDMAN, LLP, ROCHESTER (GARY MULDOON OF COUNSEL), FOR PLAINTIFF-APPELLANT.
PAUL B. WATKINS, FAIRPORT, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Supreme Court, Monroe County (Richard A. Dollinger, A.J.), entered May 16, 2019. The order, among other things, awarded sole custody of the subject children to defendant for a period of 60 days. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying in their entirety those parts of defendant's motion seeking modification of the parties' custody and visitation arrangement and vacating the second through sixth and eighth ordering paragraphs, and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Plaintiff mother commenced this matter pursuant to Family Court Act article 8, seeking an order of protection against defendant father based on allegations that he committed the family offenses of harassment in the first or second degree and stalking. Pursuant to their existing custody and visitation arrangement, the parties had joint legal custody of the children with the mother having primary residential custody. After a temporary order of protection was entered ex parte, the father filed a motion by order to show cause seeking, inter alia, removal of the matter to Supreme Court, vacatur of the temporary order of protection, modification of the parties' custody and visitation arrangement by awarding the father sole custody of the children with the "suspen[sion]" of the mother's "visitation," and an award of attorney's fees. The matter was removed to Supreme Court, which conducted a fact-finding hearing on the mother's family offense petition but treated the matter as though it was a post-divorce action. The mother appeals from an order entered after the hearing that, inter alia, effectively denied the petition and granted the motion in part by vacating the temporary order of protection, awarding sole custody of the children to the father for a period of 60 days with limited visitation to the mother, and directing the mother to pay $3,500 to the father for his attorney's fees. The order also, sua sponte, granted certain additional relief, i.e., it directed the mother to pay $2,500 to the father for her purported perjury in this matter, prohibited either party from filing a petition seeking an order of protection without prior permission from the court, and prohibited the older child from using any electronic device or participating in extracurricular activities within the 60-day period unless the father allowed the same. By order of this Court, the order on appeal was stayed in part pending appeal.
Contrary to the mother's contention, we conclude that the court did not err in effectively denying the family offense petition and granting that part of the motion seeking vacatur of the temporary order of protection. "The determination whether [the father] committed a family offense was a factual issue for the court to resolve, and [the] court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record' " (Matter of Martin v Flynn, 133 AD3d 1369, 1370 [4th Dept 2015]; see Cunningham v Cunningham, 137 AD3d 1704, 1704-1705 [4th Dept 2016]). Here, we find no reason to disturb the court's credibility determinations or its conclusion that the father did not commit any of the family offenses alleged in the petition (see Matter of Teanna P. v David M., 134 AD3d 654, 655 [1st Dept 2015]; Matter of Krisztina K. v John S., 103 AD3d 724, 724 [2d [*2]Dept 2013]).
We reject the mother's related contention that we are unable to intelligently review the merits of the family offense petition because the recordings of the father's cell phone conversations with the older child, on which the court based some of its findings, were not included in the record on appeal. We note that it is the responsibility of the mother, as the appellant, to furnish an adequate record on appeal (see Matter of Unczur v Welch, 159 AD3d 1405, 1405 [4th Dept 2018], lv denied 31 NY3d 909 [2018]). Nevertheless, we conclude that the record is sufficient for intelligent appellate review inasmuch as the contents of the cell phone recordings can be gleaned from the record. Further, there was no dispute during the hearing as to the accuracy of the recordings (cf. Matter of Trombley v Payne [appeal No. 2], 144 AD3d 1551, 1552 [4th Dept 2016]).
We agree with the mother, however, that the court erred in granting in part the father's motion insofar as it sought to modify the parties' custody and visitation arrangement, by awarding him sole custody of the children for 60 days and restricting the mother's visitation and contact with the children during that period. We therefore modify the order accordingly. The father did not allege, let alone establish, "a change in circumstances which reflects a real need for change to ensure the best interest[s] of the child[ren]" (Matter of James D. v Tammy W., 45 AD3d 1358, 1358 [4th Dept 2007] [internal quotation marks omitted]; see Matter of Kriegar v McCarthy, 162 AD3d 1560, 1560 [4th Dept 2018]; Matter of Wawrzynski v Goodman, 100 AD3d 1559, 1559 [4th Dept 2012]). Additionally, even assuming, arguendo, that the father established a change in circumstances, we conclude that the court in its custody and visitation determination failed to adequately address the "factors that could impact the best interests of the child[ren]" (Matter of Marino v Marino, 90 AD3d 1694, 1695 [4th Dept 2011]), and thus that determination lacks the requisite sound and substantial basis in the record (see generally Fox v Fox, 177 AD2d 209, 211-212 [4th Dept 1992]).
As the mother correctly contends, the court also erred in sua sponte directing that the parties' older child be deprived of a cell phone and other electronic devices and be barred from attending all extracurricular and "outside-the-home activities" for 60 days. No party requested such relief, and the court had no legal basis upon which to grant it. We therefore further modify the order by vacating the eighth ordering paragraph.
We agree with the mother that the court erred in sua sponte directing her to "pay a $2,500 fine to the [f]ather for her perjury in this matter . . . and if the fine is not permitted by law, [directing that] . . . the fine [be converted] into an award of damages." The court did not state whether it was sanctioning the mother for frivolous conduct or for civil or criminal contempt. A court of record may impose punishment for criminal contempt under Judiciary Law § 750 where, insofar as relevant here, the person at issue engages in "[d]isorderly, contemptuous, or insolent behavior, committed during its sitting, in its immediate view and presence, and directly tending to interrupt its proceedings, or to impair the respect due to its authority" (§ 750 [A] [1]). Additionally, a court may summarily punish a party for contempt only where "the offense is committed in the immediate view or presence of the court" (§ 755). Here, the court summarily punished the mother by sanctioning her after it determined that she committed perjury during her testimony before a Judicial Hearing Officer in Family Court with respect to the temporary order of protection and during her testimony at the hearing on the petition before Supreme Court. Assuming, arguendo, that perjury would support a finding of contempt, we conclude that the court could not properly find the mother in criminal contempt based on her testimony in Family Court, nor could the court summarily punish the mother for civil or criminal contempt based on that testimony, inasmuch as it occurred out of the court's "immediate view and presence" (id.; see § 750 [A] [1]; cf. Matter of Mitchell v Wiggins, 195 AD2d 1069, 1069 [4th Dept 1993]). Insofar as the order may be deemed to sanction the mother for civil or criminal contempt that occurred in the presence of Supreme Court, we conclude that, because "due process requires that . . . the contemnor be afforded an opportunity to be heard at a meaningful time and in a meaningful manner' " (Matter of Mosso v Mosso, 6 AD3d 827, 829 [3d Dept 2004]; see Delijani v Delijani, 73 AD3d 972, 973 [2d Dept 2010]), and the court failed to provide notice that it was considering finding the mother in contempt or an opportunity to be heard thereon, the court erred in imposing such sanction (see generally Matter of Jung [State Commn. on Jud. Conduct], 11 NY3d 365, 373 [2008]).
We further conclude that the court had no authority to sanction the mother on the ground that she engaged in frivolous conduct. Assuming, arguendo, that sanctions for frivolous conduct may be based on a party's perjury, we conclude that the regulation permitting the imposition of such sanctions specifically provides that it "shall not apply to . . . proceedings in the Family Court commenced under article . . . 8 of the Family Court Act" (22 NYCRR 130-1.1 [a]; see also Matter of Ellen Z. v Isaac D., 47 Misc 3d 389, 392-393 [Fam Ct, Queens County 2015]). This matter was commenced in Family Court under article 8 of the Family Court Act, and thus no such sanction was authorized. Moreover, even were we to assume that a different rule applies to matters commenced under article 8 of the Family Court Act, such as this, that are removed to Supreme Court, "[a]n award of costs or the imposition of sanctions may be made either upon motion in compliance with CPLR 2214 or 2215 or upon the court's own initiative, after a reasonable opportunity to be heard" (22 NYCRR 130-1.1 [d]). Here, as noted, the mother was not provided with an opportunity to be heard before sanctions were imposed. Therefore, we further modify the order by vacating the fifth ordering paragraph.
We also agree with the mother that the court erred in granting that part of the father's motion seeking an award of attorney's fees. " Under the general rule, attorneys' fees . . . are incidents of litigation and the prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties or by statute or court rule' " (The Wharton Assoc., Inc. v Continental Indus. Capital LLC, 137 AD3d 1753, 1755 [4th Dept 2016]; see Mount Vernon City School Dist. v Nova Cas. Co., 19 NY3d 28, 39 [2012]). In awarding attorney's fees to the father, the court did not state, and we cannot determine on this record, whether it did so based upon the custodial stipulation between the parties or pursuant to statute. Consequently, we are unable " to determine whether the award was within the proper exercise of the court's discretion' " (Ciura v Muto, 24 AD3d 1209, 1210 [4th Dept 2005], lv denied 7 NY3d 701, 702 [2006]; see also Matter of JPMorgan Chase Bank, N.A. [Roby], 158 AD3d 1224, 1225-1226 [4th Dept 2018]; see generally Murphy v Murphy, 126 AD3d 1443, 1447 [4th Dept 2015]). We therefore modify the order by vacating the sixth ordering paragraph, and we remit the matter to Supreme Court to determine and place on the record the basis for the award of attorney's fees and whether those fees are reasonable.
We reject the mother's contention that the court erred in sua sponte imposing conditions restricting her from filing new petitions seeking an order of protection against the father. Although it is well settled that "[p]ublic policy mandates free access to the courts" (Matter of Shreve v Shreve, 229 AD2d 1005, 1006 [4th Dept 1996]), " a party may forfeit that right if she or he abuses the judicial process by engaging in meritless litigation motivated by spite or ill will' " (Matter of McNelis v Carrington, 105 AD3d 848, 849 [2d Dept 2013], lv denied 21 NY3d 861 [2013]; see Matter of Otrosinka v Hageman, 144 AD3d 1609, 1611 [4th Dept 2016]; Shreve, 229 AD2d at 1006). Here, we conclude that the court properly precluded the mother from filing new petitions without permission of the court inasmuch as "the record establishes that [she] has abused the judicial process by engaging in meritless, frivolous or vexatious litigation" (Carney v Carney, 160 AD3d 218, 228 [4th Dept 2018]; see Matter of Pignataro v Davis, 8 AD3d 487, 489 [2d Dept 2004]). We further note that the mother "is not without recourse should she actually be the victim of spousal abuse, as the order appealed from does not restrict her from obtaining police assistance or from [filing for] an order of protection" with permission of the court (Matter of Taub v Taub, 94 AD3d 901, 902 [2d Dept 2012], lv denied 19 NY3d 809 [2012]; see generally Matter of Mueller v Mueller, 96 AD3d 948, 949 [2d Dept 2012], lv denied 19 NY3d 815 [2012]). The father did not cross-appeal from the order, and thus we do not address the order insofar as it placed a similar restriction on his filing of future petitions seeking an order of protection.
We have considered the mother's remaining contention and conclude that it does not require reversal or further modification of the order.
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court