Fraccola v 1st Choice Realty, Inc. (2022 NY Slip Op 03643)

Fraccola v 1st Choice Realty, Inc.

2022 NY Slip Op 03643

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND WINSLOW, JJ.

456 CA 21-01807

[*1]ALBERT G. FRACCOLA, JR., INDIVIDUALLY, ETC., PLAINTIFF-APPELLANT,
v
1ST CHOICE REALTY, INC., A DOMESTIC CORPORATION IN DISSOLUTION, ET AL., DEFENDANTS, GETNICK, LIVINGSTON, ATKINSON, GIGLIOTTI AND PRIORE, LLP, AND THE ESTATE OF PHYLLIS FRACCOLA, ALSO KNOWN AS PHYLLIS S. FRACCOLA, DECEASED, DEFENDANTS-RESPONDENTS. 

ALBERT G. FRACCOLA, JR., PLAINTIFF-APPELLANT PRO SE. 
GETNICK LIVINGSTON ATKINSON & PRIORE, LLP, UTICA (PATRICK G. RADEL OF COUNSEL), FOR DEFENDANT-RESPONDENT GETNICK, LIVINGSTON, ATKINSON, GIGLIOTTI AND PRIORE, LLP. 
PETER M. HOBAICA, LLC, UTICA (PETER M. HOBAICA OF COUNSEL), FOR DEFENDANT-RESPONDENT THE ESTATE OF PHYLLIS FRACCOLA, ALSO KNOWN AS PHYLLIS S. FRACCOLA, DECEASED. 

 Appeal from an order of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered June 29, 2021. The order, among other things, denied the motion of plaintiff to vacate a prior order dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed with costs.
Memorandum: Plaintiff commenced this action individually and on behalf of others asserting various causes of action stemming from allegedly fraudulent deeds transferring property of defendant 1st Choice Realty, Inc. (1st Choice), of which plaintiff owned shares, to Phyllis Fraccola (decedent), plaintiff's now-deceased ex-wife and former business partner. Those deeds were prepared by decedent's counsel based upon a 2005 stipulation entered into by plaintiff and decedent to settle various lawsuits between them. Supreme Court dismissed the action sua sponte. Plaintiff moved to vacate the ensuing order, and now appeals from the subsequent order denying his motion. We affirm.
It is well settled that " '[u]se of the [sua sponte] power of dismissal must be restricted to the most extraordinary
circumstances' " (Matter of Associated Gen. Contrs. of NYS, LLC v New York State Thruway Auth., 159 AD3d 1560, 1560 [4th Dept 2018]; see Ray v Chen, 148 AD3d 568, 569 [1st Dept 2017]; BAC Home Loans Servicing, LP v Maestri, 134 AD3d 1593, 1593 [4th Dept 2015]). We conclude that such circumstances are present here.
Although "[p]ublic policy mandates free access to the courts
. . . , a party may forfeit that right if she or he abuses the judicial process by engaging in meritless litigation motivated by spite or ill will" (Ritchie v Ritchie, 184 AD3d 1113, 1117 [4th Dept 2020] [internal quotation marks omitted]; see Caesar v HSBC Bank USA, NA, 200 AD3d 842, 843 [2d Dept 2021]). Here, plaintiff has clearly
" 'abused the judicial process by engaging in meritless, frivolous or vexatious litigation' " [*2](Ritchie, 184 AD3d at 1118; see Caesar, 200 AD3d at 843). Plaintiff has commenced numerous actions on his behalf and on behalf of various business entities to challenge the 2005 stipulation and the deeds transferring property held by 1st Choice that were prepared after that stipulation. Based on plaintiff's repeated meritless complaints, courts have issued at least three prior orders prohibiting him from commencing actions based on the subject matter of the 2005 stipulation without prior leave of court (see generally Sassower v Signorelli, 99 AD2d 358, 359-360 [2d Dept 1984]). Plaintiff failed to seek permission from the court before filing this action, which clearly relates to the subject matter of the 2005 stipulation and all prior actions commenced thereafter by plaintiff. Under these circumstances, the court properly dismissed the complaint sua sponte (see Cangro v Marangos, 160 AD3d 580, 580 [1st Dept 2018], appeal dismissed 32 NY3d 947 [2018]; Liang v Wei Ji, 155 AD3d 1018, 1019-1020 [2d Dept 2017]; Matter of Pavic v Djokic, 152 AD3d 696, 697 [2d Dept 2017]; Matter of DelVecchio v DelVecchio, 64 AD3d 594, 595 [2d Dept 2009]).
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court