Matter of Claridge v Hull (2025 NY Slip Op 03439)

Matter of Claridge v Hull

2025 NY Slip Op 03439

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, SMITH, DELCONTE, AND HANNAH, JJ.

271 CA 24-01026

[*1]IN THE MATTER OF HEATHER M. CLARIDGE, PETITIONER-APPELLANT,
v
TIMOTHY HULL, RESPONDENT-RESPONDENT. 

LOCKHART LAW OFFICE, P.C., NORTH SYRACUSE (BETH A. LOCKHART OF COUNSEL), FOR PETITIONER-APPELLANT.

 Appeal from an order of the Supreme Court, Oswego County (Gregory R. Gilbert, J.), entered December 27, 2022, in proceedings pursuant to Family Court Act articles 6 and 8. The order, among other things, denied the petitions insofar as they sought attorney's fees. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Family Court Act articles 6 and 8, petitioner appeals from an order that, inter alia, granted her petitions insofar as they sought to enforce an order of protection and to enforce and modify a prior order of custody, but denied her requests for attorney's fees. We affirm.
"Under the general rule, attorneys' fees . . . are incidents of litigation and the prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties or by statute or court rule" (Ritchie v Ritchie, 184 AD3d 1113, 1117 [4th Dept 2020] [internal quotation marks omitted]; see The Wharton Assoc., Inc. v Continental Indus. Capital LLC, 137 AD3d 1753, 1755 [4th Dept 2016]). Initially, we reject petitioner's contention that Supreme Court abused its discretion in failing to award her attorney's fees pursuant to Domestic Relations Law § 237 (b) or Family Court Act § 842 (f) (see Lisowski v Lisowski, 218 AD3d 1214, 1221 [4th Dept 2023]; Iannazzo v Iannazzo [appeal No. 2], 197 AD3d 959, 960-961 [4th Dept 2021]; Weinheimer v Weinheimer, 100 AD3d 1565, 1566 [4th Dept 2012]). Petitioner further contends that the court should have awarded her attorney's fees pursuant to Judiciary Law § 773 inasmuch as respondent willfully violated the prior custody order. We reject that contention as well. "Judiciary Law § 773 permits recovery of attorney's fees from the offending party by a party aggrieved by . . . contemptuous conduct" (Data-Track Account Servs., Inc. v Lee, 15 AD3d 962, 962-963 [4th Dept 2005] [internal quotation marks omitted]). However, a party seeking a finding of civil contempt must establish, by clear and convincing evidence, the following four elements: "(1) a lawful court order expressing an unequivocal mandate; (2) reasonable certainty that the order was disobeyed; (3) knowledge of the court's order by the party in contempt; and (4) prejudice to the right of a party to the litigation" (McCurty v Roberts, 227 AD3d 1469, 1470 [4th Dept 2024] [internal quotation marks omitted]; see Dotzler v Buono, 144 AD3d 1512, 1513-1514 [4th Dept 2016]). Petitioner failed to meet that burden here (see generally Matter of Mundell v New York State Dept. of Transp., 185 AD3d 1470, 1471 [4th Dept 2020]).
Finally, to the extent that petitioner contends that she should be awarded attorney's fees in connection with this appeal, we conclude that the contention is not properly before us inasmuch as no such application "[was] made to the court of original instance" (Matter of Ebright v Ward, 39 AD2d 1013, 1013 [4th Dept 1972], lv denied 31 NY2d 641 [1972]; see also Hayes v Ontario Plastics, 6 AD3d 1122, 1123 [4th Dept 2004]; Starke v Starke, 127 AD2d 969, 970 [4th Dept 1987]).
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court