■ JEAN ZACHAREK, Respondent-Appellant, v ZYGMUND J. ZACHAREK, Appellant-Respondent.—Judgment unanimously affirmed, without costs. Memorandum: In distributing the marital property, the trial court did not abuse its discretion by awarding plaintiff approximately 70% of the marital property. When the parties married, plaintiff sold her residence and deposited the proceeds, $18,269, into a joint savings account with defendant. During the marriage, the parties spent some $20,000 to remodel the residence owned by defendant; $9,050 of this amount came from the joint savings account. During the marriage, plaintiff was injured in an automobile accident and received a damage award in the amount of $6,500. Although this was the separate property of the wife, $6,000 of it became marital property when she deposited that amount in a joint account with defendant at Dean Witter. The parties also deposited in that account the sum of $3,233, the proceeds of a tax refund largely attributable to the liquidation of plaintiff's business, which she owned before the marriage. As noted by

the Trial Justice, "defendant's attitude toward his separate property differed from his wife's, for unlike his wife, he did not make his assets available for their mutual benefit."

Under the circumstances, it was proper for the Trial Justice to award plaintiff, as her equitable share of the marital property, the proceeds of the Dean Witter account, and a distributive award of $15,000 representing her equitable share of the contributions made to the improvement of defendant's residence. Equitable distribution is not necessarily equal distribution (see, Ackley v Ackley, 100 AD2d 153, 156). Here, in awarding plaintiff more than an equal portion of the marital property, the court properly considered the origin of the property to achieve an equitable distribution (see, Scheinkman, 1984 Practice Commentary, McKinney's Cons Laws of NY, Book 14, 1977-1984 Supp Pamph, Domestic Relations Law C 236B:9, p 195).

We find no fault with the court's computation of plaintiff's interest in defendant's pension. Defendant testified that he was entitled to a lump-sum award of $21,000, based on 15 years of work. The parties had been married six years before the commencement of the divorce action. Thus, six fifteenths, or $8,400, of the value of the pension was earned during the marriage, and the trial court determined that plaintiff was equitably entitled to one half of that amount. Although the formula set forth in *Majauskas v Majauskas* (61 NY2d 481) and *Szulgit v Szulgit* (94 AD2d 979) is appropriate where the pension is payable in installments and where the pensioner lacks sufficient assets to pay a distributive award, the court retains discretion to use other methods, as it did here, to evaluate and distribute the marital interest in pension rights, where appropriate.

Defendant contends that the court erred in neglecting to consider the tax consequences to defendant when it computed the plaintiff's marital share of the pension benefits. Having failed to raise this issue below and having failed to provide the trial court with any basis for determining the amount of income taxes, if any, payable on account of the pension benefits, defendant has failed to preserve this issue for review.

The court did not err in awarding maintenance for two years in the amount of $75 per week, and it adequately set forth the factors it relied upon as required by Domestic Relations Law § 236 (B) (6) (b).

We have examined the other contentions of both parties and we find them without merit. (Appeals from judgment of Su-

preme Court, Onondaga County, Hayes, J.—divorce.) Present —Callahan, J. P., Denman, Boomer, Pine and Schnepp, JJ.