■ RICKEY L. CORDELL, Respondent, v ANNETTE CORDELL, Appellant. [701 NYS2d 562] —Judgment unanimously affirmed without costs. Memorandum: On appeal from a judgment of divorce, defendant contends that the award of maintenance should have been nondurational or, in the alternative, should have been granted until the parties' minor child reached the age of majority. Where, as here, the record establishes that Supreme Court gave appropriate consideration to the factors

enumerated in Domestic Relations Law § 236 (B) (6) (a), this Court will not disturb the determination of maintenance absent an abuse of discretion (*see, Lombardo v Lombardo,* 255 AD2d 653; *see also, Grenier v Grenier,* 210 AD2d 557, 558). We perceive no abuse of discretion here. Lifetime maintenance is proper when the dependent spouse is incapable of future self-support (*see, Behrmann v Behrmann,* 204 AD2d 1076; *see also, Michelle S. v Charles S.,* 257 AD2d 405). Defendant's own expert testified that defendant's mental illness was treatable and that defendant could become employable within a two-year period. After considering other relevant factors, the court provided for a three-year period of maintenance. That was not an abuse of discretion. Nor did the court abuse its discretion in denying defendant's request for maintenance until the minor child reached the age of majority (*cf., McDonald v McDonald,* 155 AD2d 929). There was no proof that defendant had forgone employment opportunities to raise the child. Rather, there were times after the child was born that defendant was employed outside the home, demonstrating her ability to become self-supporting.

Defendant further contends that the court erred in reducing plaintiff's child support obligation. We disagree. Since entry of the first support order, plaintiff's annual income had decreased $10,000. Although plaintiff may have turned down several offers for overtime, he had not changed employment and continued to work the more lucrative third shift. Thus, the rejected overtime, if any, does not account for the reduction in income (*cf., Matter of Moore v Moore,* 115 AD2d 894, 895; *see generally, Hickland v Hickland,* 39 NY2d 1, *rearg denied* 39 NY2d 943, *cert denied* 429 US 941). Where, as here, the party's change in income is not within that party's control, downward modification may be appropriate (*see,* Domestic Relations Law § 236 [B] [9] [b]; *see also, Hickland v Hickland, supra,* at 5). (Appeal from Judgment of Supreme Court, Onondaga County, Elliott, J.—Matrimonial.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Balio, JJ.