■ MARK A. MAYLE, Appellant, v JOAN M. MAYLE, Respondent. (Appeal No. 1.) [750 NYS2d 256] —Appeal from certain parts of a judgment of Supreme Court, Erie County (O'Donnell, J.), entered November 8, 2001, which, inter alia, equitably distributed the parties' marital property.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by awarding plaintiff one half of the net proceeds from the sale of the marital residence and as modified the judgment is affirmed without costs.

Memorandum: In appeal No. 1, plaintiff appeals from a judgment of divorce confirming the report of the Matrimonial Referee. Contrary to plaintiff's contention, Supreme Court did not err in imputing $40,000 in income to plaintiff. "The Referee properly determined the income of plaintiff based on his earning capacity, as supported by financial data from the previous [three] years, rather than on his alleged current economic situation, and the court properly confirmed that determination" (*McCanna v McCanna,* 274 AD2d 949, 949). The court erred, however, in imputing $11,000 in income to plaintiff based on the living expenses provided to plaintiff by his girlfriend (*cf.* Domestic Relations Law § 240 [1-b] [b] [5] [iv], [v]). Notwithstanding that error, we conclude that the court did not abuse its discretion in awarding defendant $195 per week in maintenance. "Where, as here, the record establishes that Supreme Court gave appropriate consideration to the factors enumerated in Domestic Relations Law § 236 (B) (6) (a), this Court will not disturb the determination of maintenance absent an abuse of discretion" (*Cordell v Cordell,* 267 AD2d 1049, 1049-1050; *see Hartog v Hartog,* 85 NY2d 36, 52; *Anderson v Anderson,* 286 AD2d 967, 969).

We agree with plaintiff that the court abused its discretion in awarding defendant the entire net proceeds from the sale of the marital residence (*cf. Bossard v Bossard,* 199 AD2d 971, 971), although we conclude that the court properly rejected plaintiff's contention concerning defendant's alleged wasteful dissipation of that asset. We therefore modify the judgment in appeal No. 1 by awarding plaintiff one half of the net proceeds from the sale of the marital residence. We conclude that the court properly distributed the remaining marital property (*see id.*).

We reject plaintiff's contention in appeal No. 2 that the court

abused its discretion in awarding counsel fees to defendant. The court properly considered the "financial circumstances of both parties together with all the other circumstances of the case" (*DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881; *see* Domestic Relations Law § 237 [a]). We have considered the remaining contentions of plaintiff and conclude that they are without merit. Present—Green, J.P., Hayes, Scudder, Gorski and Lawton, JJ.