# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1029
CA 11-00003
PRESENT: CENTRA, J.P., FAHEY, SCONIERS, GREEN, AND MARTOCHE, JJ.

---

JAMES R. MYERS, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

DIANE C. MYERS, DEFENDANT-RESPONDENT.

---

MERKEL AND MERKEL, ROCHESTER (DAVID A. MERKEL OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

MICHAEL A. ROSENHOUSE, ROCHESTER, FOR DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------------

 Appeal from a judgment of the Supreme Court, Ontario County
(Frederick G. Reed, A.J.), entered March 29, 2010 in a divorce action.
The judgment, among other things, awarded defendant spousal
maintenance in the amount of $1,000 per month for a period of seven
years.

 It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by vacating the ninth decretal
paragraph and as modified the judgment is affirmed without costs, and
the matter is remitted to Supreme Court, Ontario County, for further
proceedings in accordance with the following Memorandum:  Plaintiff
husband contends on appeal in this divorce action that Supreme Court
erred in awarding maintenance to defendant wife.  We note at the
outset that the husband's notice of appeal recites that he is
appealing from a portion of the decision of the Special Referee
incorporated in a "Decree of Divorce."  Although the husband instead
should have taken his appeal from the judgment of divorce, in the
exercise of our discretion we treat the notice of appeal as valid and
deem the appeal as taken from the judgment (*see* CPLR 5520 [c]; *Francis
v Francis*, 72 AD3d 1594, 1595).

 We conclude that the court erred in awarding maintenance without
setting forth all relevant factors enumerated in Domestic Relations
Law § 236 (B) (6) (a) considered by the court in awarding such
maintenance and the reasons for its decision (*see* § 236 [B] [6] [b];
*Hartog v Hartog*, 85 NY2d 36, 51-52; *Mayle v Mayle*, 299 AD2d 869).  In
particular, although the court granted the wife a substantial
distributive award, we are unable to discern from the record whether
the court considered that award in determining the amount and duration
of maintenance (*see* § 236 [B] [6] [a] [1]; *Reed v Reed*, 55 AD3d 1249,
1251).  Likewise, despite evidence that the wife had a degree in
accounting, marketable skills and an extensive employment history, the
court failed to set forth a determination whether the wife was or

could be self-supporting (*see* § 236 [B] [6] [a] [4]; *see generally Reed*, 55 AD3d at 1251; *Lo Maglio v Lo Maglio*, 273 AD2d 823, 824, *appeal dismissed* 95 NY2d 926).  Although there was also conflicting evidence presented on the issue whether the wife contributed to the household as "a spouse, parent, wage earner and homemaker" (§ 236 [B] [6] [a] [8]), the court failed to make any factual or credibility determinations concerning that issue.  Indeed, the court failed to provide any reason for the amount and duration of maintenance awarded, but merely set forth the ages, health and incomes of the parties (*see* § 236 [B] [6] [b]*; Hartog*, 85 NY2d at 51).  Based on the foregoing, we are unable to determine whether the amount and duration of the maintenance awarded " 'reflects an appropriate balancing of [the wife's] needs and [the husband's] ability to pay' " (*Burns v Burns*, 70 AD3d 1501, 1503).  We therefore modify the judgment by vacating the amount awarded for maintenance, and we remit the matter to Supreme Court to determine the amount and duration of maintenance, if any, after setting forth all relevant factors enumerated in Domestic Relations Law § 236 (B) (6) (a) that it considered and "the reasons for its decision" (§ 236 [B] [6] [b]).

We also agree with the husband that the court erred in awarding the wife retroactive maintenance without providing him with a credit for the carrying costs he paid on the marital home during the pendency of the action (*see Skladanek v Skladanek*, 60 AD3d 1035, 1037; *Southwick v Southwick*, 214 AD2d 987, 987-988; *Petrie v Petrie*, 124 AD2d 449, 451, *lv dismissed* 69 NY2d 1038), and we therefore further modify the judgment accordingly.  Thus, upon remittal, the court must also determine the amount of those payments made during the pendency of the action and the amount of retroactive maintenance, if any, to be awarded to the wife (*see Petrie*, 124 AD2d at 451).

Entered:  September 30, 2011                    Patricia L. Morgan
                                                Clerk of the Court