# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**627**

**CA 14-01404**

PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

GLENDA L. WILKINS, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RICHARD C. WILKINS, DEFENDANT-APPELLANT.

---

DEGNAN LAW OFFICE, CANISTEO (ANDREW J. ROBY OF COUNSEL), FOR DEFENDANT-APPELLANT.

---

Appeal from a judgment of the Supreme Court, Livingston County (Dennis S. Cohen, A.J.), entered October 18, 2013 in a divorce action. The judgment, among other things, awarded plaintiff lifetime maintenance.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law and as modified the judgment is affirmed without costs in accordance with the following memorandum: Defendant appeals from a judgment of divorce that, inter alia, incorporated the decision and order of the Matrimonial Referee (Referee), who was appointed to hear and determine the issues concerning the grounds for the divorce and spousal maintenance. "Although [a]s a general rule, the amount and duration of maintenance are matters committed to the sound discretion of the trial court, . . . the authority of this Court in determining issues of maintenance is as broad as that of [Supreme Court]" (*Martin v Martin*, 115 AD3d 1315, 1315 [internal quotation marks omitted]). To the extent that defendant contends that the amount of arrears was improperly imposed, we conclude that Supreme Court erred in incorporating that part of the Referee's decision and order directing that defendant pay plaintiff five months of arrears inasmuch as the record establishes that defendant was only five weeks in arrears at the time of the hearing, and a check for the unpaid temporary maintenance was scheduled to be delivered to plaintiff following the hearing. We therefore modify the judgment by vacating the eleventh decretal paragraph to the extent that it incorporated by reference that part of the Referee's decision and order directing defendant to pay $4,580 in arrears at a rate of $100 per month commencing September 1, 2013. Defendant is ordered to pay plaintiff the unpaid amount, if any, of the five weeks of arrears totaling $1,145.

We nevertheless reject defendant's contention that the court abused its discretion in awarding nondurational maintenance to plaintiff. "Where . . . the record establishes that [the court] gave appropriate consideration to the factors enumerated in Domestic

Relations Law § 236 (B) (6) (a), this Court will not disturb the determination of maintenance absent an abuse of discretion" (*Mayle v Mayle*, 299 AD2d 869, 869 [internal quotation marks omitted]). Furthermore, "credibility determinations of a referee are entitled to deference on appeal, since the referee had the opportunity to see and hear the witnesses" (*Tihomirovs v Tihomirovs*, 123 AD3d 808, 809, *lv denied* 25 NY3d 903). Here, the Referee properly considered plaintiff's "reasonable needs and predivorce standard of living in the context of the other enumerated statutory factors" set forth in the statute (*Hartog v Hartog*, 85 NY2d 36, 52), and the court properly incorporated that part of the Referee's decision and order determining the amount and duration of maintenance. Contrary to defendant's further contention, the Referee did not abuse his discretion in refusing to consider defendant's untimely posttrial submission because there is no indication in the record that defendant sought an extension of time to make that submission or that he proffered good cause for his untimeliness (*see* CPLR 2004). Given that it is impossible on this record to predict the income of defendant after he retires (*see Green v Green*, 13 AD3d 1178, 1178), and that defendant may obtain a downward modification upon a sufficient showing of "a substantial change in circumstance . . . , including financial hardship" (Domestic Relations Law § 236 [B] [9] [b] [1]; *see Taylor v Taylor*, 107 AD3d 785, 786), we perceive no basis to disturb the amount and duration of the maintenance award.

Entered:  June 19, 2015                          Frances E. Cafarell
                                                 Clerk of the Court