Gutierrez v Gutierrez (2021 NY Slip Op 02662)





Gutierrez v Gutierrez


2021 NY Slip Op 02662


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


418 CA 20-01139

[*1]TAMARA LEIGH GUTIERREZ, PLAINTIFF-RESPONDENT,
v
WILLIAM MICHAEL GUTIERREZ, DEFENDANT-APPELLANT. 






JAMES P. RENDA, BUFFALO, FOR DEFENDANT-APPELLANT. 
RUPP BAASE PFALZGRAF CUNNINGHAM, LLC, WILLIAMSVILLE (MICHAEL J. COLLETTA OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered March 6, 2020 in a divorce action. The judgment, among other things, directed defendant to pay maintenance to plaintiff. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the second decretal paragraph, and as modified the judgment is affirmed without costs and the matter is remitted to Supreme Court, Niagara County, for further proceedings in accordance with the following memorandum: Defendant husband appeals from a judgment of divorce that, inter alia, directed him to pay plaintiff wife $750 a week in maintenance for a period of 17 years. On appeal, he contends that Supreme Court erred in awarding maintenance for a period of time in excess of the recommendation set forth in the advisory schedule in Domestic Relations Law § 236 (B) (6) (f) (1) without adequately demonstrating its reliance on the relevant statutory factors enumerated in section 236 (B) (6) (e) (see § 236 [B] [6] [f] [2]). We agree and further conclude that the court erred in awarding plaintiff maintenance without sufficiently setting forth the relevant factors enumerated in section 236 (B) (6) (e) that it relied on in reaching its determination. Although the court need not specifically cite the factors enumerated in that section, its analysis must show that it at least considered the relevant factors in making its determination (see St. Denny v St. Denny, 185 AD3d 1246, 1247 [3d Dept 2020]; Gordon-Medley v Medley, 160 AD3d 1146, 1147 [3d Dept 2018]; Johnston v Johnston, 156 AD3d 1181, 1184 [3d Dept 2017], appeal dismissed 31 NY3d 1126 [2018], lv denied 32 NY3d 1053 [2018]). The determination must also "reflect[] an appropriate balancing of [the wife's] needs and [the husband's] ability to pay" (Stuart v Stuart, 137 AD3d 1640, 1640-1641 [4th Dept 2016] [internal quotation marks omitted]; see Richeal v Richeal, 63 Misc 3d 1205[A], *5 [Sup Ct, Niagara County 2016], affd for reasons stated 170 AD3d 1534, 1534 [4th Dept 2019]).
Here, the court stated that it awarded plaintiff $750 per week—an amount deviating from the statutory guidelines—for a duration in excess of the statutory guidelines based on the length of the marriage, the parties' disproportionate earning capacities, and defendant's tax debt. However, although the statutory guidelines use the length of the marriage to calculate the duration of the maintenance award (see Domestic Relations Law § 236 [B] [6] [f] [1]), the length of the parties' marriage is not a factor enumerated in section 236 (B) (6) (e). Further, the court did not state what factors it considered, in addition to actual earnings, in determining the parties' earning capacities (see Scher v Scher, 91 AD3d 842, 848 [2d Dept 2012]; Dietz v Dietz, 203 AD2d 879, 883 [3d Dept 1994]). Moreover, the court did not determine whether defendant's substantial tax debt would impede his ability to pay plaintiff's maintenance award (see Myers v Myers, 87 AD3d 1393, 1394 [4th Dept 2011]). Thus, the court failed to show that it considered any of the factors enumerated in section 236 (B) (6) (e) (1) in making its determination of both the amount and duration of the maintenance award.
Because we are unable to determine whether the amount and duration of the maintenance [*2]awarded "reflects an appropriate balancing of [the wife's] needs and [the husband's] ability to pay" (Myers, 87 AD3d at 1394), we modify the judgment by vacating the second decretal paragraph, and we remit the matter to Supreme Court to determine the amount and duration of maintenance, if any, after setting forth all relevant factors that it considered in making its decision (Domestic Relations Law § 236 [B] [6] [e] [1], [2]; [f] [2]).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court