Anastasi v Anastasi (2022 NY Slip Op 04452)

Anastasi v Anastasi

2022 NY Slip Op 04452

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND BANNISTER, JJ.

320 CA 21-00576

[*1]RHONDA L. ANASTASI, PLAINTIFF-RESPONDENT,
v
GARY R. ANASTASI, DEFENDANT-APPELLANT. 

JAMES P. RENDA, BUFFALO, FOR DEFENDANT-APPELLANT. 
NICHOLAS J. NARCHUS, LOCKPORT, FOR PLAINTIFF-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered March 29, 2021 in a divorce action. The judgment, inter alia, directed defendant to pay maintenance and child support. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In this matrimonial action, defendant appeals from those parts of a judgment of divorce that established his maintenance and child support obligations. He contends that Supreme Court abused its discretion in setting the amount and duration of maintenance and erred in failing to articulate a proper basis for applying the Child Support Standards Act (CSSA) to the combined parental income in excess of the statutory cap (see Domestic Relations Law § 240 [1-b] [c] [2], [3]).
"[A]s a general rule, the amount and duration of maintenance are matters committed to the sound discretion of the trial court" (Mehlenbacher v Mehlenbacher, 199 AD3d 1304, 1307 [4th Dept 2021] [internal quotation marks omitted]), although "the authority of this Court in determining issues of maintenance is as broad as that of the trial court" (Reed v Reed, 55 AD3d 1249, 1251 [4th Dept 2008]). Where, as here, the trial court gave appropriate consideration to the factors enumerated in Domestic Relations Law § 236 (B) (former [6] [a]), "this Court will not disturb the determination of maintenance absent an abuse of discretion" (Mayle v Mayle, 299 AD2d 869, 869 [4th Dept 2002] [internal quotation marks omitted]; see Wilkins v Wilkins, 129 AD3d 1617, 1618 [4th Dept 2015]).
Contrary to defendant's contention, the record supports the court's determination that plaintiff was " 'unable to work to support herself financially,' now or at any point in the future" (Knope v Knope, 103 AD3d 1256, 1257 [4th Dept 2013]). Plaintiff testified concerning her diagnosis of multiple sclerosis and its debilitating effects, and submitted voluminous medical records corroborating her testimony (see Murphy v Murphy, 175 AD3d 1540, 1541-1542 [2d Dept 2019]; cf. Knope, 103 AD3d at 1257-1258). Under the circumstances, and considering that defendant never disputed plaintiff's diagnosis and medical condition, plaintiff was not required to call an expert medical witness at trial to establish her inability to work.
Contrary to defendant's remaining contentions concerning the amount and duration of the maintenance award, we conclude that the court considered the relevant factors in Domestic Relations Law
§ 236 (B) (former [6] [a]). Considering plaintiff's " 'reasonable needs and predivorce standard of living in the context of the other enumerated statutory factors' " (Wilkins, 129 AD3d at 1618, quoting Hartog v Hartog, 85 NY2d 36, 52 [1995]), we conclude that the court's maintenance award did not constitute an abuse of discretion (see Murphy, 175 AD3d at 1541-1542; Repetti v Repetti, 147 AD3d 1094, 1096-1097 [2d Dept 2017]; cf. Zufall v Zufall, 109 AD3d 1135, 1136-1137 [4th Dept 2013], lv denied 22 NY3d 859 [2014]). We note that plaintiff has not worked [*2]outside the home since 1998 and that the parties enjoyed a lifestyle commensurate with a substantial income during the marriage.
We reject defendant's contention that the court erred in determining his income for the purpose of calculating the amount of maintenance. It is well settled that "[i]ncome may be imputed based on a party's earning capacity, as long as the court articulates the basis for imputation and the record evidence supports the calculations" (Johnson v Johnson, 172 AD3d 1654, 1656 [3d Dept 2019] [internal quotation marks omitted]; see Sharlow v Sharlow, 77 AD3d 1430, 1431 [4th Dept 2010]). Here, the court articulated its basis for determining defendant's annual income, which included averaging the last eight years of self-reported income from the business that he ran with his brother as well as taking into account that the profitable business paid for many items for defendant, such as a motor vehicle, meals, and country club membership.
Finally, we reject defendant's contention that the court erred in failing to articulate a proper basis for ordering child support in excess of the CSSA statutory cap (see Domestic Relations Law
§ 240 [1-b] [c] [2], [3]; see generally Martin v Martin, 115 AD3d 1315, 1316 [4th Dept 2014]). The court relied upon the factors set forth in Domestic Relations Law § 240 (1-b) (f) when it determined that application of the CSSA's statutory income cap would be "inequitable" because it would not afford to the child the same standard of living that the child would have enjoyed had the marriage not been dissolved (see § 240 [1-b] [f] [3]). Moreover, we conclude that the court's application of the CSSA formula to an income level for defendant that was above the statutory cap but below the income imputed to him for the purpose of calculating the amount of maintenance is supported by the record (see Evans v Evans, 186 AD3d 1684, 1685 [2d Dept 2020]; cf. Bandyopadhyay v Bandyopadhyay, 141 AD3d
1099, 1100 [4th Dept 2016]).
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court