Renzi v Renzi (2023 NY Slip Op 03092)

Renzi v Renzi

2023 NY Slip Op 03092

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, MONTOUR, AND OGDEN, JJ.

66 CA 21-01727

[*1]DONNA RENZI, PLAINTIFF-RESPONDENT,
v
THOMAS RENZI, DEFENDANT-APPELLANT. 

JENNIFER M. LORENZ, ORCHARD PARK, FOR DEFENDANT-APPELLANT. 
FERON POLEON, LLP, AMHERST (KELLY A. FERON OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered November 12, 2021. The judgment, inter alia, directed defendant to pay maintenance to plaintiff of $5,700 per month until defendant reaches the age of 67. 
It is hereby ORDERED that said appeal is unanimously dismissed except insofar as defendant challenges the maintenance award, the judgment is modified on the law by vacating the second decretal paragraph, and as modified the judgment is affirmed without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Defendant husband appeals from a judgment of divorce that, inter alia, directed him to pay plaintiff wife $5,700 per month in maintenance until the husband reaches the age of 67. Although the judgment was entered upon the husband's default and no appeal lies from a judgment entered on default, the appeal nevertheless "brings up for our review matters which were the subject of contest before the court," i.e., the maintenance award (Matter of King v King, 145 AD3d 1613, 1614 [4th Dept 2016] [internal quotation marks omitted]; see Matter of Rottenberg v Clarke, 144 AD3d 1627, 1627 [4th Dept 2016]; see generally James v Powell, 19 NY2d 249, 256 n 3 [1967], rearg denied 19 NY2d 862 [1967]).
On appeal, the husband contends that Supreme Court erred in awarding the wife maintenance above the presumptive amount under Domestic Relations Law § 236 (B) (6) without following the requirements of that statute. We agree and further conclude that the court erred in awarding maintenance for a period of time in excess of the recommendation set forth in the advisory schedule in Domestic Relations Law § 236 (B) (6) (f) (1) without adequately demonstrating its reliance on the relevant statutory factors enumerated in section 236 (B) (6) (e) (see § 236 [B] [6] [f] [2]).
"[I]n any matrimonial action, the court, upon application by a party, shall make its award for post-divorce maintenance pursuant to the provisions" set forth in the statute (Domestic Relations Law § 236 [B] [6] [a]; see Hughes v Hughes, 198 AD3d 1170, 1173 [3d Dept 2021]). In setting the amount of the award, the provisions of Domestic Relations Law § 236 (B) (6) require that the court first determine the presumptive amount of maintenance pursuant to the statutory formulas in paragraph (c) and, second, determine whether other factors under paragraphs (d) and (e) support deviating from the presumptive amount (see Mahoney v Mahoney, 197 AD3d 638, 639 [2d Dept 2021]; Iannazzo v Iannazzo [appeal No. 2], 197 AD3d 959, 961-962 [4th Dept 2021]). Where there is a deviation from the presumptive amount reached by application of the relevant formula, the court should explain the reasons for that deviation (see generally Severny v Severny, 210 AD3d 419, 419 [1st Dept 2022]). "[T]he court need not analyze and apply each and every factor set forth in the statute," but it "must provide a reasoned analysis of the factors it ultimately relies upon in awarding maintenance" (Gordon-Medley v Medley, 160 AD3d 1146, 1147 [3d Dept 2018]; see Gutierrez v Gutierrez, 193 AD3d 1363, 1364 [4th Dept 2021]; Johnston v Johnston, 156 AD3d 1181, 1184 [3d Dept 2017], appeal dismissed 31 NY3d 1126 [2018], lv denied 32 NY3d 1053 [2018]).
Here, there is no dispute that the court awarded maintenance above the presumptive amount under the statute. The court, however, did not state what it found the wife's income to be or set out the presumptive amount of maintenance owed under the statutory formula. Further, it failed to "set forth the factors it considered and the reasons for its decision in writing or on the record" (Domestic Relations Law § 236 [B] [6] [d] [3]), and therefore "failed to show that it considered any of the factors enumerated in section 236 (B) (6) (e) (1) in making its determination of both the amount and duration of the maintenance award" (Gutierrez, 193 AD3d at 1364; see generally Barrett v Barrett, 175 AD3d 1067, 1068 [4th Dept 2019]).
Because we are unable to determine whether "the amount and duration of the maintenance awarded reflects an appropriate balancing of [the wife's] needs and [the husband's] ability to pay" (Myers v Myers, 87 AD3d 1393, 1394 [4th Dept 2011] [internal quotation marks omitted]), we modify the judgment by vacating the second decretal paragraph, and we remit the matter to Supreme Court to determine the amount and duration of maintenance, if any, after setting forth all relevant factors that it considered in making its decision (Domestic Relations Law § 236 [B] [6] [e] [1], [2]; [f] [2]).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court