Lisowski v Lisowski (2023 NY Slip Op 04016)

Lisowski v Lisowski

2023 NY Slip Op 04016

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

378 CA 22-00449

[*1]GERALD D. LISOWSKI, PLAINTIFF-APPELLANT-RESPONDENT,
v
MELINDA A. LISOWSKI, DEFENDANT-RESPONDENT-APPELLANT. 

JAMES P. RENDA, WILLIAMSVILLE, FOR PLAINTIFF-APPELLANT-RESPONDENT.
THE SAGE LAW FIRM GROUP PLLC, BUFFALO (KATHRYN FRIEDMAN OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT. 

 Appeal and cross-appeal from a judgment of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered March 3, 2022, in a divorce action. The judgment, inter alia, equitably distributed the marital property of the parties. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing plaintiff, upon receipt of either an invoice from the school or proof of payment by defendant, to pay $12,622.27 in college expenses to either the school or defendant, as appropriate; striking subparagraph 1 of the eighth decretal paragraph; and directing that plaintiff is entitled to 50% of the monies he expended for improvement or repair to the marital residence, as recommended by the realtor, from defendant's net share of the proceeds from the sale of the marital residence; and as modified the judgment is affirmed without costs.
Memorandum: Plaintiff husband appeals and defendant wife cross-appeals from a judgment of divorce that incorporated and merged into the judgment a Referee's memorandum decision as well as Supreme Court's decision modifying the Referee's recommendation in part. The parties each raise numerous contentions regarding the judgment of divorce, and we now modify it in several respects.
The husband commenced this action in February 2018, and a temporary order dated August 14, 2018 required the husband "to pay all of the expenses he has paid throughout the marriage" with the exception of the cellular telephone phone bills for the wife and the parties' three children. The order also required the husband to "continue to pay the sum of $300.00 per week" to the wife "for unallocated support." According to a spreadsheet that the parties stipulated to admitting in evidence, the husband had been paying all of the household expenses and $300 per week to the wife since March 2018.
In May 2019, the parties entered into a parenting agreement, and the action proceeded to a financial hearing that month. In July 2019, the parties placed on the record a stipulation resolving all of the financial matters. The wife, however, never ratified that stipulation and, as a result, the financial hearing was resumed in May 2021. At that hearing, the parties stipulated to numerous issues, limiting the hearing to issues involving maintenance, credits for payments allegedly made by the husband during the pendency of the proceeding, tax impacts regarding changes in tax laws that had occurred during the pendency of the action, child support, pro rata shares of other obligations, college expenses related to the parties' three children, attorneys' fees and resolution of a motion for enforcement of the temporary order.
Following that hearing, the Referee issued a memorandum decision, which was adopted in part and modified in part by the court, and the judgment was entered accordingly.
Although contested by the wife on her cross-appeal, we decline to modify the awards for maintenance and child support. We further decline the parties' request to modify the determination of how much credit the husband should be awarded for past payments. The husband contends on his appeal that he should have been credited for the expenses that he paid during the pendency of the divorce action and that the court erred in computing the number of months for which he would receive retroactive credit for the $300 weekly payments to the wife. The wife contends on her cross-appeal that the court erred in calculating the amount of the maintenance and child support awards, but does not challenge the duration of the maintenance award. She also contends that the court erred in awarding the husband any retroactive credit. We reject both parties' contentions.
Using the 2021 maintenance cap (see Domestic Relations Law § 236 [B] [6] [b] [4]; [d] [1-3]), the Referee, and by adoption the court, determined that the husband owed $1,950 a month in maintenance for a duration of seven years. Neither the Referee nor the court awarded maintenance above the income cap (see generally § 236 [B] [6] [b] [4]). Where, as here, the payor's income exceeds the income cap, it is in the discretion of the court to include income above the cap (see § 236 [B] [6] [d] [2]), but the Referee, and by adoption the court, must "set forth the factors . . . considered and the reasons for [the] decision" (§ 236 [B] [6] [d] [3]). The Referee did so and, by adopting the Referee's decision in that regard, the court did so as well. With respect to the duration of maintenance, which is covered by section 236 (B) (6) (f), the Referee, and by adoption the court, awarded the wife durational maintenance within the statutory range.
"[A]s a general rule, the amount and duration of maintenance are matters committed to the sound discretion of the trial court . . . , although 'the authority of this Court in determining issues of maintenance is as broad as that of the trial court' . . . Where, as here, the trial court [or Referee] gave appropriate consideration to the factors enumerated in Domestic Relations Law § 236 (B) [(6) (e) (1) (a-n)], 'this Court will not disturb the determination of maintenance absent an abuse of discretion' " (Anastasi v Anastasi, 207 AD3d 1131, 1131 [4th Dept 2022]; see Wilkins v Wilkins, 129 AD3d 1617, 1618 [4th Dept 2015]). We see no basis to disturb the maintenance award.
With respect to the amount of child support, we likewise reject the wife's contention on her cross-appeal that the child support award should be modified. Again, the Referee, and by adoption the court, capped the child support award at the statutory amount for combined parental income (see Domestic Relations Law § 240 [1-b] [c] [2], [3]). Neither the Referee nor the court set forth the factors it considered in electing not to include income over the statutory cap, in violation of section 240 (1-b) (c) (3) (see Headwell v Headwell, 198 AD3d 1130, 1134 [3d Dept 2021]; Otto v Otto, 150 AD2d 57, 61 [2d Dept 1989]). Nevertheless, this Court "has the power to assume the functions and obligations of the trial court and make its own findings" (Deckert v Deckert, 147 AD2d 920, 921 [4th Dept 1989]; see Timperio v Timperio, 232 AD2d 857, 859 [3d Dept 1996]; Beason v Sloane, 174 AD2d 1016, 1016 [4th Dept 1991], lv dismissed 78 NY2d 1007 [1991]). In addressing the various factors related to maintenance, the Referee, and by adoption the court, addressed many of the factors relevant to the determination whether child support should be capped at the statutory amount (compare § 236 [B] [6] [e] [1] [a-n] with § 240 [1-b] [f] [1-10]). Upon review of the voluminous record on appeal, we exercise our power to make our own findings with respect to the relevant factors, including the age of the children, the husband's maintenance obligations, his payment of college expenses, and his numerous contributions both before and after the divorce, and we decline to disturb the determination regarding child support.
Addressing next the amount of credit awarded to the husband, we initially conclude that the wife's challenge on her cross-appeal to the husband's spreadsheet of expenses is waived inasmuch as that exhibit was admitted in evidence upon the parties' stipulation (see Lahren v Boehmer Transp. Corp., 49 AD3d 1186, 1187 [4th Dept 2008]).
Contrary to the husband's contention on his appeal, we conclude that the Referee, and by adoption the court, did not err in declining to credit him for household expenses he paid during the pendency of the divorce (see Quarty v Quarty, 96 AD3d 1274, 1281 [3d Dept 2012]; cf. Gargiulo v Gargiulo, 183 AD3d 803, 807 [2d Dept 2020]; Magyar v Magyar [appeal No. 2], 272 AD2d 941, 942 [4th Dept 2000]). Although there is authority to award a payor spouse credit for [*2]carrying costs on a marital residence (see Myers v Myers, 87 AD3d 1393, 1394-1395 [4th Dept 2011]), the husband, here, resided in the marital residence during the pendency of the proceeding, and we discern no error in declining to award him credits for those payments.
Regarding the credits to the husband for the $300 weekly payments that he made to the wife, we reject the wife's contention on her cross-appeal that the husband was not entitled to any credit for those payments and we likewise reject the husband's contention on his appeal that he was entitled to additional credits for those payments. The Referee, and by adoption the court, determined that the husband should be entitled to some credit for the $300 per week payments he made to the wife. The Referee granted credit for those payments retroactive to the temporary order, but the court modified that determination and awarded the husband credit retroactive to the date when he began making voluntary payments in that amount. Inasmuch as there is authority to award a spouse retroactive credit for voluntary payments made before any temporary order was issued (see Antinora v Antinora, 125 AD3d 1336, 1337, 1339 [4th Dept 2015]; Southwick v Southwick, 214 AD2d 987, 987 [4th Dept 1995]; see also Sinnott v Sinnott, 194 AD3d 868, 878 [2d Dept 2021]), the issue then becomes whether the award related to "unallocated support" can be credited against the ultimate maintenance award. Although the matter could be remitted to the court to clarify if those payments were intended as maintenance payments (see e.g. Ford v Ford, 200 AD3d 854, 856-857 [2d Dept 2021]; Schiffer v Schiffer, 21 AD3d 889, 890 [2d Dept 2005]), we see no need for remittal where, as here, the husband paid all household expenses, aside from cellular telephone bills, as well as an additional $300 per week to the wife. Exercising our broad authority to determine issues of maintenance (see Anastasi, 207 AD3d at 1131; D'Amato v D'Amato, 132 AD3d 1424, 1425 [4th Dept 2015]), we conclude that the husband is entitled to credit against his maintenance obligation for all of the $300 weekly payments he made to the wife. We reject the husband's contention, however, that he is entitled to 6½ months of additional credit and note that the court's decision afforded the husband credit for those payments "until the date of closing of the marital residence."
Assuming, arguendo, that the husband preserved for our review his contention on his appeal that the maintenance award should be tax impacted to account for the changes in federal tax law imposed by the Tax Cuts and Jobs Act of 2017 (Pub L 115-97, § 11051, 131 US Stat 2089), we reject his contention that the Referee, and by adoption the court, erred in refusing to tax impact his maintenance obligations (see Rapp v Rapp, 68 Misc 3d 1226[A], 2020 NY Slip Op 51073[U], *3 [Sup Ct, Monroe County 2020]; Y.L. v L.L., 68 Misc 3d 1209[A], 2020 NY Slip Op 50896[U] *44 [Sup Ct, Richmond County 2020]; but see Wisseman v Wisseman, 63 Misc 3d 819, 821 [Sup Ct, Dutchess County 2019]).
We conclude, however, that the husband's contention on appeal that the Referee, and by adoption the court, erred in failing to account for changes in the federal tax law concerning tax dependency exemptions (see 26 USC § 151 [d] [5] [a]) is not preserved for our review inasmuch as the husband is raising that contention for the first time on appeal (see Zacharek v Zacharek, 116 AD2d 1004, 1005 [4th Dept 1986]; see also Barrett v Barrett, 175 AD3d 1067, 1070 [4th Dept 2019]).
With respect to the parties' contentions on the appeal and cross-appeal regarding allocation of college expenses for the children, it is well settled that "[s]uch costs may be awarded based upon 'the circumstances of the case and of the respective parties and in the best interests of the child[ren], and as justice requires' " (Castello v Castello, 144 AD3d 723, 728 [2d Dept 2016], quoting Domestic Relations Law § 240 [1-b] [c] [7]). Nevertheless, "in contrast to other add-ons, educational expenses are not necessarily pro rated" (Bradley v Bakal, 180 AD3d 443, 445 [1st Dept 2020]; see § 240 [1-b] [c] [7]; Castello, 144 AD3d at 728; cf. § 240 [1-b] [c] [5] [v]). The wife and the husband contend that the matter should be remitted to clarify the parties' share of the children's college expenses. We reject those contentions. The Referee's decision, as adopted by the court and incorporated into the judgment, states that "[t]he parties shall ratably contribute to the cost of a 4-year undergraduate education," capped at the cost of a SUNY school (emphasis added). Inasmuch as the Referee's decision had already stated that the parties' pro rata percentages were 80% for the husband and 20% for the wife and previously used the phrase "ratably contribute" with respect to health care expenses, which must be prorated according to the parties' proportionate share of combined parental income (see § 240 [1-b] [c] [5] [v]), that decision and the judgment of divorce need not be clarified to determine the parties' share of the children's college expenses. The judgment of divorce likewise does not need to be [*3]modified to address the decisions of the Referee and the court inasmuch as those decisions were incorporated and merged into the judgment.
We agree with the wife on her cross-appeal, however, that the Referee, and by adoption the court, erred in failing to address in any respect the husband's failure to pay $12,622.27 in outstanding college debt for one of the parties' sons. The temporary order directed the husband to "pay the college tuition and expenses" for that child, without limitation or condition. We therefore direct the husband, upon receipt of either an invoice from the school or proof of payment by the wife, to pay that amount to either the school or the wife, as appropriate, and we modify the judgment accordingly.
We agree with the husband on his appeal that the Referee, and by adoption the court, failed to properly calculate how the proceeds of the sale of the marital home should be distributed. The parties entered into a stipulation concerning how to divide the proceeds from the sale of the marital residence, and that stipulation was ratified in writing by the parties. Pursuant to the terms of the stipulation, the husband "shall first be reimbursed $7,500 from the net sale proceeds" as a separate property claim, but it was also stated that the money would come from the wife's "share of the net proceeds." Thereafter, the husband was to be "reimbursed for one-half of the amount he expended following the recommendations of the realtor" regarding improvements or repairs to the marital residence before its sale (improvement costs). That amount was "again coming from [the wife's] share of the net proceeds" (emphasis added). There were several other items for which the parties were to be reimbursed, but it was noted that there was no agreement regarding their priority. They were to be deducted from the net sale proceeds and, after payment of those obligations, "any remaining sale proceeds . . . [would] be divided equally between the parties." The husband contends that the proceeds should have been divided and then he should have been awarded credits from the wife's share for his separate property credit and improvement costs. Based on the clear terms of the stipulation, which control (see generally Leiderman v Leiderman, 50 AD3d 644, 644 [2d Dept 2008]), we agree with the husband that he should have been awarded his 50% share of improvement costs "from the wife's share" of the proceeds, and we further modify the judgment accordingly. However, we reject the remainder of his contentions on his appeal. With respect to the husband's separate property credit, the stipulation itself was ambiguous, stating first that the separate property credit would be reimbursed from the total net proceeds and then stating, inconsistently, that such credit would come from the wife's share of the net proceeds (see generally Walker v Walker, 42 AD3d 928, 928 [4th Dept 2007], lv dismissed 9 NY3d 947 [2007]). All of the remaining credits were to be determined by the Referee and the court, and the Referee, and by adoption the court, determined that those credits should be paid in a particular order out of the net proceeds. We conclude that the record establishes the parties' intent regarding distribution of the separate property credit and the remaining credits from the net proceeds of the sale of the marital residence (see generally id. at 828). As a result, the parties should have received credits for the remaining items out of the net proceeds of the sale of the marital residence; the husband should have received his separate property credit out of those net proceeds; the net proceeds should have thereafter been divided equally; and then the wife should have reimbursed the husband from her share of the net proceeds for his 50% share of the improvement costs.
The wife seeks clarification on the duration of health care payments for the children. That issue is being raised for the first time on appeal and is therefore not preserved for our review (see generally Barrett, 175 AD3d at 1070; Zacharek, 116 AD2d at 1005). In any event, inasmuch as Domestic Relations Law § 236 (B) (8) (a) provides that an award of health care costs may not "exceed such period of time as such party shall be obligated to provide maintenance, child support or make payments of a distributive award," we see no need for clarification of the judgment.
The wife further contends that the Referee, and by adoption the court, erred in failing to award her any attorneys' fees. We reject that contention. "The decision to award . . . attorney[s'] fees lies, in the first instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad as [that of] the trial court[ ]" (O'Brien v O'Brien, 66 NY2d 576, 590 [1985]; see Juhasz v Juhasz [appeal No. 2], 92 AD3d 1209, 1213 [4th Dept 2012]). Although "[t]here is a rebuttable presumption that attorneys' fees shall be awarded to the less monied spouse where a spouse seeks to enforce a prior order" (Juhasz, 92 AD3d at 1213; see Domestic Relations Law § 237 [b]), we discern no basis to modify the [*4]judgment to grant any award of attorneys' fees to the wife.
We have reviewed the wife's remaining contentions on her cross-appeal, and conclude that none warrants reversal or further modification of the judgment.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court