Renzi v Renzi (2024 NY Slip Op 04865)

Renzi v Renzi

2024 NY Slip Op 04865

Decided on October 4, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, AND GREENWOOD, JJ.

567 CA 23-01669

[*1]DONNA RENZI, PLAINTIFF-RESPONDENT,
v
THOMAS RENZI, DEFENDANT-APPELLANT. 

JENNIFER M. LORENZ, ORCHARD PARK, FOR DEFENDANT-APPELLANT.
FERON POLEON, LLP, AMHERST (KELLY A. FERON OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered August 2, 2023. The order directed defendant to pay maintenance to plaintiff of $5,700 per month until defendant reaches the age of 67. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this matrimonial action, defendant husband appeals from an order, issued after a remittal from this Court (Renzi v Renzi, 217 AD3d 1336 [4th Dept 2023]), that, among other things, awarded plaintiff wife maintenance, above the presumptive amount under Domestic Relations Law § 236 (B) (6), until the husband reaches the age of 67. We affirm.
Contrary to the husband's contention, Supreme Court did not err in awarding the wife maintenance above the presumptive amount until the husband reaches the age of 67. "[A]s a general rule, the amount and duration of maintenance are matters committed to the sound discretion of the trial court" (Anastasi v Anastasi, 207 AD3d 1131, 1131 [4th Dept 2022] [internal quotation marks omitted]; see Mehlenbacher v Mehlenbacher, 199 AD3d 1304, 1307 [4th Dept 2021]). Although this Court's authority in determining issues of maintenance is "as broad as that of the trial court" (Anastasi, 207 AD3d at 1131 [internal quotation marks omitted]; see Reed v Reed, 55 AD3d 1249, 1251 [4th Dept 2008]), generally, this Court "will not disturb the determination of maintenance absent an abuse of discretion" (Anastasi, 207 AD3d at 1131 [internal quotation marks omitted]; see Wilkins v Wilkins, 129 AD3d 1617, 1618 [4th Dept 2015]).
Here, the court properly considered, among other things, the length of the parties' marriage, the age and current health of the parties, the parties' present and future earning potential, and the parties' standard of living during the marriage. We conclude that "[t]he court properly considered [the wife's] reasonable needs and predivorce standard of living in the context of the other enumerated statutory factors" (Peck v Peck, 167 AD3d 1518, 1519 [4th Dept 2018] [internal quotation marks omitted]; see Domestic Relations Law § 236 [B] [6]). Although the husband contends that the court erred in finding him in good health inasmuch as he has a diagnosis of multiple sclerosis, the record establishes that, at the time of the court's decision, he was able to continue working with no restrictions. We perceive no abuse of discretion here, and we decline to substitute our discretion for that of the court.
Entered: October 4, 2024
Ann Dillon Flynn
Clerk of the Court